**Frances DOE and Karen Doe**

v.

**Marc R. LaBROSSE, Sr.**

**No. 90–97–M.P.**

Supreme Court of Rhode Island.

March 27, 1991.

Lise M. Iwon, Laurence & Iwon, Wakefield, Lynette J. Labinger, Roney & La-

binger, Providence, Sheryl A. MacDougall, Coventry, for plaintiffs.

Melissa Salten, New York City, for amicus curiae.

Leo J. Dailey, Coventry, for defendant.

## OPINION

MURRAY, Justice.

This case comes before us on a petition for certiorari following denial of the defendant's motion for summary judgment in a civil sexual-assault case. We remand the matter for an evidentiary hearing.

The plaintiffs are the adult daughters of defendant Marc R. LaBrosse, Sr.; they are currently thirty-four and thirty-five years old. They allege that from 1959 until 1972 defendant engaged in forced sexual contact with them on an average of two times per week. The defendant also verbally abused plaintiffs and threatened them not to reveal the assaults to anyone.

As a result of defendant's acts, plaintiffs maintain that they have suffered and continue to suffer severe emotional distress and psychological injuries. Although the assaults ceased almost twenty years ago, plaintiffs allege that they only recently discovered the connection between the physical assaults they suffered as children and the resulting psychological injuries they have suffered as adults. Because of this delayed discovery, they did not bring their suit until February 2, 1989.

Rather than file an answer to plaintiffs' complaint, defendant filed a motion to dismiss pursuant to Rule 12 of the Superior Court Rules of Civil Procedure on the grounds that the matter was barred by the statute of limitations. General Laws 1956 (1985 Reenactment) § 9–1–14 specifies that a suit for personal injuries must be filed within three years of the accrual of the cause of action. Section 9–1–19, as amended by P.L.1988, ch. 107, § 1, postpones the running of the statute of limitations until a minor plaintiff reaches the age of majority. Thus plaintiffs brought their suit well beyond the three-year-limitations period.

Following oral argument, the trial justice directed the parties to file memoranda of law on the issue of whether the discovery rule should toll the statute of limitations in this case. In addition to the memoranda of law, the trial justice found it necessary to consider the affidavits of plaintiffs and their therapists regarding the date plaintiffs discovered that their injuries were causally related to defendant's acts. Because the trial justice considered matters outside the pleadings, the motion to dismiss was treated as a motion for summary judgment pursuant to Rule 56 of the Superior Court Rules of Civil Procedure.

After reviewing the relevant case law, the trial justice concluded that "the discovery rule should be available to the plaintiffs" and that the statute of limitations did not bar the case. He then determined that two genuine issues of material fact existed: whether defendant committed the acts as alleged and, if so, when plaintiffs discovered that defendant's acts caused their injuries. Thus the trial justice denied defendant's motion to dismiss. The defendant filed a petition for a writ of certiorari, and we granted the petition on May 24, 1990.

The discovery rule has been used in cases of medical malpractice to delay the running of the statute of limitations until a plaintiff discovers, or in the exercise of reasonable diligence should discover, the harm resulting from a physician's negligence. *Wilkinson v. Harrington*, 104 R.I. 224, 234, 243 A.2d 745, 751 (1968). Over the years Rhode Island has extended the application of the discovery rule to cases other than medical malpractice. *See, e.g., Anthony v. Abbott Laboratories*, 490 A.2d 43 (R.I.1985) (drug-products liability); *Lee v. Morin*, 469 A.2d 358 (R.I.1983) (improvements to real property); *Romano v. Westinghouse Electric Co.*, 114 R.I. 451, 336 A.2d 555 (1975) (products liability). We have never addressed the issue of applying the discovery rule to a civil sexual-assault case.

In ruling on the summary-judgment motion, the trial justice decided that the discovery rule should theoretically apply, without determining the specific date the plaintiffs' discovery occurred. We believe that the trial justice should have made this

factual determination before ruling on the summary-judgment motion. The alleged bar of the statute of limitations required the finding of fact as a preliminary step to determining whether the statute precluded consideration of this complaint on its merits.

We therefore remand the matter for an evidentiary hearing following which the trial justice may determine the date the plaintiffs discovered, or with all due diligence should reasonably have discovered, the causal connection between the defendant's alleged acts and the plaintiffs' alleged injuries. Upon receiving the trial justice's finding, we shall determine the propriety of applying the discovery rule to toll the statute of limitations in this case.

For the reasons stated, the defendant's petition for certiorari is granted, the decision of the Superior Court is vacated, and the papers of the case are remanded to the Superior Court for further proceedings in accordance with our instructions.