[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
The matter now before this Court for decision is whether the discovery rule should toll the statute of limitations relative to Plaintiff James Osborn's (Osborn) tort action against the State of Rhode Island (State). In its original written decision on the State's motion for summary judgment, this Court declined to address whether the discovery rule should apply to toll the statute of limitations relative to Osborn's cause of action against the State. Osborn asserted that since the discovery rule properly applied, the State's motion for summary judgment based on the statute of limitations should be denied. Given the procedural posture of the case at that time, this Court concluded that it would be inappropriate to determine applicability of the discovery rule absent a preliminary evidentiary hearing. Osborn thereafter moved this Court for an evidentiary hearing, which serves as the basis of this decision. Since the discovery rule issue was originally raised in the context of the State's motion for summary judgment, this Court shell address the rule's applicability in accordance with that standard.
At the outset, a brief review of the relevant facts is necessary. From September 4, 1973 through September 21, 1973, Osborn painted the Plum Beach Lighthouse. On October 3, 1973, Osborn treated with Dr. Charles Shoemaker after suffering from chills and a cold sweat. Osborn thereafter treated with Dr. Charles Hall on October 23, 1973 for a cough and sore gums. Following a skin test, Dr. Hall diagnosed Osborn's condition as probable histoplasmosis. Neither doctor warned Osborn of any potential ocular problems from histoplasmosis, nor did they advise him that regular future checkups were necessary to monitor his condition.
Dr. Hall testified at the original trial that the typical prognosis for histoplasmosis is a mild transient infection followed by complete recovery. Dr. Hall further testified that only in rare cases does the disease break down and spread to other parts of the body. After treating Osborn from October 1973 through May 1974, Dr. Hall determined that Osborn was not at risk from the disease.
Osborn did not seek treatment for his condition again until July 1982 when he noticed a deterioration of his eyesight. On July 26, 1982, Dr. Stephen Grimes diagnosed that Osborn's loss of vision was attributable to ocular histoplasmosis. Osborn thereafter filed the instant cause of action against the State on March 17, 1984.
The issue now before this Court is whether the statute of limitations applicable to Osborn's cause of action lapsed prior to March 17, 1984, or whether the discovery rule should apply to toll the statute of limitations until Osborn was diagnosed with ocular histoplasmosis on July 26, 1982. When Osborn allegedly contracted histoplasmosis in September of 1973, the applicable statute of limitations was one year. By the time Osborn was diagnosed with ocular histoplasmosis in July 1982, however, the applicable limitations period had increased to two years.
Whether Osborn has properly complied with the statute of limitations depends on the applicability of the discovery rule to this cause of action. In essence, the discovery rule is an equitable principle that postpones the running of the statute of limitations until a plaintiff discovers, or in the exercise of reasonable diligence should discover, the causal connection between the defendant's alleged conduct and the injury complained of. See Doe v. LaBrosse, 588 A.2d 605, 606 (R.I. 1991).
The Rhode Island Supreme Court initially applied the discovery rule to toll the statute of limitations in medical malpractice cases. See Wilkinson v. Harrington, 104 R.I. 224, 233, 243 A.2d 745, 753 (1968). Since the decision in Wilkinson,
the court has further extended applicability of the discovery rule to cases involving drug-products liability, products liability, and improvements to real property. See Doe, supra,
at 606 (citations omitted). The Rhode Island Supreme Court, however, has never addressed the rule's applicability to ordinary personal injury cases involving latent injuries.
The Rhode Island Supreme Court has held that the policy behind a statute of limitations is to prevent a plaintiff from sleeping on his rights. Anthony v. Abbott Laboratories,490 A.2d 43, 47 (R.I. 1985). Where, however, the plaintiff is unaware that his legal rights have been infringed, it cannot be said that he was sleeping on his rights. Id. To construe a statute of limitations so narrowly that a plaintiff is precluded from seeking a remedy simply because the injury did not manifest itself until after the limitations period had expired is clearly inconsistent with the concept of fundamental justice.Wilkinson, supra, at 233, 243 A.2d at 753.
The policy behind statutes of limitation is to strike a balance between the rights of plaintiffs and defendants. Where injuries are latent and the plaintiff has not slept on his rights, the Rhode Island Supreme Court has held that it would be unjust to preclude him from pursuing a cause of action. Given this stated policy and the court's somewhat liberal extension of the discovery rule in recent years, this Court is of the opinion that it should apply the discovery rule in determining whether Osborn's cause of action is time barred.
Doe v. LaBrosse, supra, is the most recent Rhode Island Supreme Court case concerning the discovery rule. In Doe, the court granted the defendant's petition for certiorari to address whether the discovery rule should apply to a civil sexual assault case. Without having determined the specific date of plaintiffs' discovery, the trial justice in Doe decided that the discovery rule theoretically should apply. Doe, supra, at 606. Upon review, the supreme court remanded the matter to this Court for an evidentiary hearing to determine the date on which plaintiffs discovered, or in the exercise of due diligence should have discovered, that their injuries were causally connected to the defendant's conduct. Id. at 607. The court further stated that it would determine the propriety of applying the discovery rule only after the trial justice made specific findings as to the date of discovery. Id.
Consistent with the procedure outlined in Doe, Osborn moved this Court for an evidentiary hearing to determine whether a factual issue existed relative to the specific date on which he discovered, or in the exercise of due diligence should have discovered that his degenerative loss of vision was causally connected to an alleged breach of duty by the State. On April 24, 1992, an evidentiary hearing was conducted before this Court. In addition to Osborn's testimony at the hearing, the parties have submitted an agreed statement of facts and the testimony of three doctors to aid this Court in its determination.
At the original trial, Dr. Charles Hall testified that only in rare cases do histoplasmosis spores spread throughout a patient's body and cause problems in other organs. The deposition testimony of Dr. John Weiter further indicates that over ninety percent (90%) of patients suffering from histoplasmosis are virtually asymptomatic. (pgs. 79-80). Moreover, neither of Osborn's treating physicians in 1973 warned him of the potential development of ocular histoplasmosis as a result of his infection with pulmonary histoplasmosis. Indeed, by May 1974, Dr. Hall determined that Osborn was not at risk from the disease. Not until July 26, 1982, after noticing that his vision was distorted, was Osborn diagnosed with ocular histoplasmosis.
When passing on a motion for summary judgment, the court must review all pleadings, affidavits, and other similar matters in the light most favorable to the non-moving party before determining whether a genuine issue of material fact exists.Trend Precious Metals v. Sammartino, 577 A.2d 986, 988 (R.I. 1990). After a review of all the evidence and testimony, this court is convinced that there exists a genuine issue of material fact relative to whether Osborn, in the exercise of reasonable diligence, could have discovered that he suffered from ocular histoplasmosis prior to the July 26, 1982 diagnosis. This court further finds that there exists a genuine issue of material fact concerning whether Osborn could have discovered the causal connection between his deteriorating vision and the State's alleged misconduct prior to July 26, 1982. Given the existence of these significant disputed issues of fact, this Court finds that the State's motion for summary judgment relative to the statute of limitations and the discovery rule should be denied. When this case proceeds to trial, the issues of whether Osborn, in the exercise of reasonable diligence, could have discovered his condition prior to the lapse of the statute of limitations must necessarily be resolved by the trier of fact.
Counsel shall prepare an appropriate judgment for entry.