### Karen DOE et al.
v.
### Marc R. LaBROSSE, Sr.
### No. 90–97–Appeal.

Supreme Court of Rhode Island.

May 21, 1993.

### ORDER

This matter was before the Supreme Court pursuant to an order directing all parties to appear and show cause why this petition for certiorari should not be denied and dismissed and the case remanded to the Superior Court in light of the General Assembly's enactment of G.L.1956 (1985 Reenactment) § 9–1–51.

This case had previously been considered by the court *Frances Doe & Karen Doe v. LaBrosse, Sr.*, 588 A.2d 605 (R.I.1991). In that opinion this court had considered and had granted a petition for certiorari following a denial of defendant's motion for summary judgment in a civil sexual assault case. We remanded that case to the Superior Court for an evidentiary hearing following which the trial justice was to determine the date plaintiffs discovered, or with all due diligence should have reasonably discovered, the causal connection between defendant's alleged acts and the plaintiff's alleged injuries. Following that hearing the matter was returned to the Supreme Court.

In the meantime, the General Assembly enacted § 9–1–51, of the General Laws which created a discovery rule regarding limitation of actions on the crimes of sexual abuse and the exploitation of children. The statute was made applicable by the Legislature to all causes of action pending on the date of passage of the act or filed thereafter.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, it is the conclusion of this court that our review under the writ of certiorari issued should not occur. This case must be remanded back to the Superior Court for further proceedings in which the Presiding Justice will apply the newly enacted statute to his findings of fact. Nothing in this order will preclude the Presiding Justice from making further findings which, in his opinion, are necessary and appropriate.