SUSAN L. DOUCETTE *vs.* HANDY & HARMON & others.[1]

No. 92-P-776.

Middlesex. November 12, 1993. - January 7, 1994.

Present: ARMSTRONG, DREBEN, & IRELAND, JJ.

*Limitations, Statute of. Negligence*, Manufacturer, Hazardous substance.

Where a plaintiff's cause of action in a products liability case accrued
when she had knowledge that she was harmed and knowledge of what
the cause of harm was (inhalation of fumes) and where she filed her
complaint more than three years thereafter, the action was properly dis-
missed as barred by the statute of limitations, G. L. c. 260, § 2A; it
was not necessary to accrual of the cause of action that the plaintiff
should have identified the particular ingredient of the fumes (cadmium)
that was the cause of her injury. [725-726]

CIVIL ACTION commenced in the Superior Court Depart-
ment on February 15, 1984.

The case was tried before *Hiller B. Zobel*, J.

*Augustus F. Wagner, Jr.*, for the plaintiff.

*Neal M. Lerer* (*Peter J. McCue, Edward M. Mahoney,
Charles W. Cobb & Jonathan Braverman* with him) for the
defendants.

ARMSTRONG, J. The plaintiff, who taught jewelry-making
and metal shop classes at Sandwich Junior-Senior High
School until January, 1981, filed this products liability action
on February 15, 1984, alleging that she suffered cadmium
poisoning in the course of her work. Cadmium was an ingre-
dient of solders she used in jewelry-making, and her breath-
ing of fumes emitted in the soldering process was the appar-
ent cause of her condition of cadmium poisoning that was
definitively diagnosed in late February or early March, 1981.

---

[1]C. W. Somers & Co., Inc.; The Stern Metals Co., Inc.; The Cooper
Companies, Inc.; and Corp. Brothers, Inc.

The action was dismissed as barred by the three-year statute of limitations, G. L. c. 260, § 2A. The plaintiff's appeal challenges the application of the statute.

The limitations issue was tried separately to a jury, which heard evidence to the effect that by September, 1980, the plaintiff and other teachers were filing complaints to school officials that the ventilation system was not adequate to vent the fumes created by the acids used and gases produced in jewelry-making and that the plaintiff began suffering from weight loss, fatigue, lapses of memory, and headaches around October, 1980. She sought medical attention in December and underwent extensive testing in January (1981), much of it directed to identifying an industrial origin to her problem.

The judge put to the jury two special questions: whether the plaintiff on or before February 15, 1981, learned or should have learned that the likely cause of her headaches, dizziness and elevated blood pressure was her exposure to fumes, gases and vapors during the jewelry-making process. The plaintiff objected to that formulation of the special questions, requesting instead that the questions be framed in terms of whether the plaintiff knew or should have known "that she had contracted cadmium poisoning as a result of conduct of the defendants?" The judge refused and, to the contrary, instructed the jury that it was not necessary to the accrual of the cause of action that the plaintiff should have identified the particular ingredient of the fumes (i.e., cadmium) that was the cause of her symptoms.

The judge, in our view, did not err in rejecting the plaintiff's proposed questions. They were based on a mechanical recital of the test described in *Olsen* v. *Bell Tel. Labs., Inc.*, 388 Mass. 171, 175 (1983): that a plaintiff's cause of action does not accrue until he knows or reasonably should know that he contracted his symptomology "as a result of conduct of the defendants." See also *Bowen* v. *Eli Lilly & Co.*, 408 Mass. 204, 205-206 (1990). The *Olsen* test was expressly based on the principle that a plaintiff "should be put on notice before his or her claim is barred by the passage of time," *Olsen, supra* at 175, and that the discovery rule applies only

where the cause of action is inherently unknowable." *Ibid.*, citing *Friedman* v. *Jablonski*, 371 Mass. 482, 485 (1976). The plaintiff's cause of action was no longer inherently unknowable after she knew that her medical symptoms were probably caused by inhalation of the fumes and vapors emitted from the jewelry-making process. Compare *Gore* v. *Daniel O'Connell's Sons, Inc.*, 17 Mass. App. Ct. 645, 648-649 (1984); *Malapanis* v. *Shirazi*, 21 Mass. App. Ct. 378, 385-388 (1986); *Fidler* v. *Eastman Kodak Co.*, 714 F.2d 192, 194-200 (1st Cir. 1983). "The most important point is that the statute of limitations starts to run when an event or events have occurred that were reasonably likely to put the plaintiff on notice that someone may have caused her injury." *Bowen* v. *Eli Lilly & Co.*, 408 Mass. at 207. In the conceptual framework of the *Bowen* case (at 208), the plaintiff then had "(1) knowledge . . . that she was harmed" (headaches, dizziness, elevated blood pressure), "and (2) knowledge . . . of what the cause of harm was" (inhalation of fumes from jewelry-making).

Thus put on notice, the plaintiff had a duty to investigate the precise mechanism whereby the fumes from jewelry-making —principally emitted during soldering — were causing her symptoms. See *Fidler* v. *Eastman Kodak Co.*, 714 F.2d at 199; *Malapanis* v. *Shirazi*, 21 Mass. App. Ct. at 384. That very investigation led in short order to the discovery that cadmium was the responsible ingredient in the solder, but the cause of action against the solder manufacturers and distributors accrued before that discovery, just as did the plaintiff's cause of action against those responsible for the inadequate ventilation of the fumes.[2]

As the special questions put to the jury were properly framed, their affirmative answer makes it unnecessary to consider the defendants' contention that a verdict should have been directed in their favor.

*Judgment affirmed.*

---

[2]Those defendants won dismissal at an earlier date for another reason.