CHRISTINE PHINNEY & another[1] *vs.* JEANETTE MORGAN.

No. 94-P-514.

Norfolk. June 9, 1995. - August 28, 1995.

Present: ARMSTRONG, PORADA, & FLANNERY, JJ.

*Child Abuse. Limitations, Statute of. Negligence*, Emotional distress. *Emotional Distress. Statute*, Construction.

The discovery rule was applicable to the accrual of tort claims arising out of incestuous child abuse which were not governed by a statute. [204-206]

Plaintiffs who claimed to have been harmed by their mother's failure to protect them from their father's sexual abuse did not demonstrate that their action was timely filed, where the summary judgment record demonstrated that the plaintiffs knew or should have known of the harm they had suffered so as to trigger the running of the statute of limitations, G. L. c. 260, §§ 2A & 7, more than three years before the action was filed. [206-209]

CIVIL ACTION commenced in the Superior Court Department on March 23, 1992.

The case was heard by *Thomas E. Connolly*, J., on a motion for summary judgment.

Leave to prosecute an interlocutory appeal was allowed in the Appeals Court by *Brown*, J.

*Robert P. Powers* (*Jeffrey C. Melick* with him) for the defendant.

*Mary M. McGoldrick* for the plaintiffs.

PORADA, J. The plaintiffs brought an action in the Superior Court against their mother for negligent and intentional infliction of emotional distress. They alleged that their mother failed to protect them from sexual abuse by their father during their childhood. The defendant moved for summary judgment on the sole ground that their actions were

---

[1] Diane Hamby.

barred because they were not brought within three years of their attaining the age of majority. G. L. c. 260, §§ 2A & 7. The judge denied the motion on the ground that the "discovery rule" applied to their claims and, therefore, when their cause of action accrued presented a question of fact for the jury.[2] The defendant requested leave to bring an interlocutory appeal of this decision from a single justice of this court, and leave was granted.

On appeal, the defendant argues that the "discovery rule" should not apply to the plaintiffs' claims because they do not present an inherently unknowable wrong, and the Legislature in enacting G. L. c. 260, § 4C,[3] has determined that a discovery rule should extend only to claims against the actual perpetrator of childhood sexual abuse. The defendant also argues that even if the discovery rule were to be applied, the plaintiffs' claims are barred because each possessed sufficient knowledge to trigger the running of the statute of limitations more than three years before they instituted their action. We hold that the discovery rule extends to the plaintiffs' claims but that on the record presented their claims were not timely. We reverse.

The plaintiffs' claims for negligence and intentional infliction of emotional distress are governed by G. L. c. 260, § 2A, as amended through St. 1973, c. 777, § 1, which provides that suit "shall be commenced only within three years next

---

[2]The parties and the judge did not address whether the mother could be held liable in tort to her children based on the circumstances alleged by them in this case. We, therefore, assume without deciding that the complaint stated a cognizable cause of action. See *Stamboulis* v. *Stamboulis*, 401 Mass. 762, 763-765 (1988). See also Zackin, The Discovery Rule and Father-Daughter Incest: A Legislative Response, 29 B.C.L.Rev. 941, 942 n.12 (1988).

[3]General Laws c. 260, § 4C, as inserted by St. 1993, c. 307, provides as follows: "Actions for assault and battery alleging the defendant sexually abused a minor shall be commenced within three years of the acts alleged to have caused an injury or condition or within three years of the time the victim discovered or reasonably should have discovered that an emotional or psychological injury or condition was caused by said act, whichever period expires later; provided, however, that the time limit for commencement of an action under this section is tolled for a child until the child reaches eighteen years of age."

after the cause of action accrues." When a cause of action accrues has not been defined by statute but has been the subject of judicial interpretation in this Commonwealth. *Riley* v. *Presnell,* 409 Mass. 239, 243 (1991). Ordinarily, actions in tort accrue at the time the person is injured. *Cannon* v. *Sears, Roebuck & Co.,* 374 Mass. 739, 741 (1978). *Joseph A. Fortin Constr., Inc.* v. *Massachusetts Hous. Fin. Agency,* 392 Mass. 440, 442 (1984). The unfairness of such a rule, however, has been recognized in actions when the plaintiff did not know or could not reasonably have known that she may have been harmed by the conduct of another. *Bowen* v. *Eli Lilly & Co.,* 408 Mass. 204, 205 (1990). *Mohr* v. *Commonwealth,* 421 Mass. 147, 156 (1995). *International Mobiles Corp.* v. *Corroon & Black/Fairfield & Ellis, Inc.,* 29 Mass. App. Ct. 215, 218 (1990). Accordingly, in the absence of a governing statute, a "discovery rule," which tolls the statute of limitations until a plaintiff discovers, or reasonably should have discovered, that she has been harmed or may have been harmed by the defendant's conduct, has developed. *Bowen* v. *Eli Lilly & Co.,* 408 Mass. at 205-206. *Mohr* v. *Commonwealth,* 421 Mass. at 156. This rule has been applied to actions for legal malpractice, *Hendrickson* v. *Sears,* 365 Mass. 83, 89-90 (1974); real estate fraud, *Friedman* v. *Jablonski,* 371 Mass. 482, 485-486 (1976); and medical malpractice, *Franklin* v. *Albert,* 381 Mass. 611, 618-619 (1980). Most recently, the rule was applied to an action for psychotherapeutic malpractice where the plaintiff was sexually abused by his psychotherapist in treatment but allegedly did not know or discover that his psychological injuries resulted from this wrongful conduct until some five years after his treatment ended. *Riley* v. *Presnell,* 409 Mass. at 247.

We see no reason in the absence of a statute not to apply the discovery rule to tort actions arising out of incestuous child abuse against the nonperpetrator of the abuse. See *Hoult* v. *Hoult,* 792 F. Supp. 143, 144-145 (D. Mass. 1992) (discovery rule should be applied under Massachusetts law to tort claims by victims of incest who have no memory of sexual abuse until after expiration of statute of limitations). We

recognize that because of the nature of the injury and the relationship of the parties, a child may repress all memory of the abuse, lack understanding of the wrongfulness of the conduct, or be unaware of any harm or its cause until years after the abuse. See *Petersen* v. *Bruen*, 106 Nev. 271, 281 (1990). See also Zackin, The Discovery Rule and Father-Daughter Incest: A Legislative Response, 29 B.C.L.Rev. 941, 949 (1988). Accordingly, the very same factors that have prompted the application of the discovery rule to other tortious conduct support its application to tort claims arising out of incestuous child abuse which are not governed by statute. Those factors are an unawareness that the defendant committed a wrongful act at the time of its commission; the plaintiff's trust in the defendant; the defendant's control over the facts giving rise to the plaintiff's cause of action; and the necessity of a triggering event which makes the plaintiff aware of the defendant's potential liability. See *Hendrickson* v. *Sears*, 365 Mass. at 89-90; *Friedman* v. *Jablonski*, 371 Mass. at 485-486; *Franklin* v. *Albert*, 381 Mass. at 617-619; *Doucette* v. *Hardy & Harmon*, 35 Mass. App. Ct. 724, 726 (1994). See also *Tyson* v. *Tyson*, 107 Wash. 2d 72, 80-94 (1986) (Pearson, J., dissenting).

We conclude, therefore, that fundamental fairness dictates that the discovery rule apply to tort claims arising out of incestuous child abuse which are not governed by a statute.[4] In reaching this result, we reject the defendant's argument that the Legislature, in enacting G. L. c. 260, § 4C, intended that the discovery rule should apply only to perpetrators of sexual abuse. We see nothing in the plain language of § 4C to indicate an intent by the Legislature to preclude a judicially crafted discovery rule for the benefit of those who bring an

---

[4]Other jurisdictions have reached the same conclusion. See, e.g., *Lemmerman* v. *Fealk*, 201 Mich. App. 544 (1993); *Osland* v. *Osland*, 442 N.W.2d 907 (N.D. 1989); *Doe* v. *LaBrosse*, 588 A.2d 605 (R.I. 1991); *Hammer* v. *Hammer*, 142 Wis. 2d 257 (Ct. App. 1987). See also *Tyson* v. *Tyson*, 107 Wash. 2d 72 (1986) (Pearson, J., dissenting). But see *Cassidy* v. *Smith*, 817 P.2d 555, 557-558 (Colo. Ct. App. 1991); *Frank* v. *Geyer*, 209 Ill. App. 3d 1009, 1011-1013 (1991); *Lovelace* v. *Keohane*, 831 P.2d 624, 629-630 (Okla. 1992).

action against persons other than the perpetrators of child sexual abuse. See *Adoption of Derrick*, 415 Mass. 439, 443-444 (1993) (when the language of a statute is clear and unambiguous, the statute must be given its plain meaning). Instead, § 4C simply clarifies when a cause of action for assault and battery alleging that the defendant sexually abused a minor accrues, and expands on the discovery rule in permitting a victim to commence this type of action against the perpetrator of the abuse within three years of the time the victim discovered or reasonably should have discovered that an emotional or psychological injury or condition was caused by the defendant's conduct.

Having concluded that the discovery rule applies, the question before us is whether the plaintiffs' claims are barred because they failed as a matter of law to show that they did not know and could not have known that they had been harmed by their mother's failure to protect them from their father's sexual abuse more than three years before they instituted their actions. *Riley* v. *Presnell*, 409 Mass. at 246. On this issue, they bore the burden of proof. *Id.* at 243-244.

We now turn to the summary judgment record to determine this question. The plaintiffs commenced this action on March 23, 1992. At that time, the plaintiff Phinney was thirty-three and the plaintiff Hamby was thirty-eight. In affidavits filed in opposition to the defendant's motion, the plaintiff Phinney averred that she did not know that she suffered any harm from her mother's conduct until the summer of 1989, and the plaintiff Hamby averred that she did not know that she suffered any harm until the spring of 1990. The plaintiffs' averments were supported by an affidavit of a forensic psychologist who stated that the plaintiffs' realization that they had suffered psychological injuries from their mother's conduct occurred at about the time the plaintiffs have claimed and that their failure to appreciate a causal connection at an earlier time is consistent with what is expected of a reasonable and ordinary person under similar traumatic circumstances.

Notwithstanding those averments, in view of the plaintiffs' prior admissions in their answers to interrogatories and deposition testimony, we conclude that the plaintiffs or reasonable persons in their position would have possessed sufficient knowledge to have been aware that they had been harmed or may have been harmed by the defendant's conduct to trigger the running of the statute of limitations more than three years before they instituted their action. The plaintiffs' affidavits and that of their expert cannot be used to contradict previous statements made by the plaintiffs under oath in order to create a material issue of fact to defeat summary judgment. *O'Brien* v. *Analog Devices, Inc.*, 34 Mass. App. Ct. 905, 906 (1993). *Morrell* v. *Precise Engr., Inc.*, 36 Mass. App. Ct. 935, 937 (1994).

Both plaintiffs admitted that during their minority they complained on numerous occasions about their father's wrongful conduct to their mother and that she had reacted in a variety of ways, including telling them it was their fault, telling them to "just do it," making excuses, being angry, or just ignoring them. The plaintiff Phinney averred that she had begged her mother not to leave her alone with her father, and on one occasion, she begged her mother to get a divorce and take her away from him, and her mother said no. She also averred that she told a youth counselor about her father's abusive conduct and that when her mother found out, she yelled and screamed at her. All of these conversations were alleged to have occurred during her minority. The plaintiff Hamby specifically testified that she ran away from home on three separate occasions in 1971 and told both her mother and a probation officer that she did so because of her father's sexual advances to her. She further averred that she suffered emotional distress at that time and that because of her parents' conduct she grew up believing that she was "orphaned," that there was no one to protect or nurture her, and that she was worthless as a person. Both plaintiffs testified that in 1988 they had read a letter written by their sister Karen to their mother about the abuse heaped upon her brother, sisters, and herself by their father and the mother's

failure to protect them from that abuse and that Karen had discussed with them her intent to sue her parents in the summer of 1988. While the plaintiff Hamby denied that she ever considered participating in such a suit, the plaintiff Phinney admitted that her sister Karen had discussed with her her intent to sue their parents in 1988 but Phinney decided not to join Karen in bringing suit because she lived in Massachusetts where the suit would have to be brought and was still terrified of her parents.

While the plaintiffs may not have been aware of the full extent of their psychological damage until the dates averred by them, we conclude that their admissions are sufficient to establish that the plaintiffs or a reasonable person in their position would have possessed knowledge or sufficient notice that they were harmed and what the cause of the harm was much earlier. *Bowen* v. *Eli Lilly & Co.*, 408 Mass. at 208. One need not apprehend the full extent or nature of an injury in order for a cause of action to accrue. *Olsen* v. *Bell Tel. Labs., Inc.*, 388 Mass. 171, 175 (1983). *Riley* v. *Presnell*, 409 Mass. at 243. *Gore* v. *Daniel O'Connell's Sons, Inc.*, 17 Mass. App. Ct. 645, 649 (1984). Here, by their own admission, they were aware during their minority that their mother's failure to take any action against their father to stop the sexual molestation resulted in a continuation of the sexual molestation by their father. Certainly, Phinney's acknowledgment that she discussed bringing suit against her parents in the summer of 1988 with her sister Karen but decided not to bring suit because of her fear of her parents and embarrassment to her is sufficient as matter of law to bar her action as untimely. *Olsen* v. *Bell Tel. Labs., Inc.*, 388 Mass. at 176 (rejecting argument that statute should be tolled when plaintiff who contracted asthma from exposure to a dangerous chemical would have felt "awkward" suing parties that had a continuing business relationship with his employer). *Riley* v. *Presnell*, 409 Mass. at 243. Similarly, Hamby's acknowledgment that she experienced emotional distress in 1971 when she ran away from home three times because of her father's abuse and her mother's failure to pro-

tect her from that abuse and that she grew up feeling that she was an orphan and had no one to protect her is sufficient to provide her with the modicum of knowledge required to trigger the statute of limitation.

While we recognize that ordinarily when a plaintiff knew or should have known of her cause of action is a factual issue to be decided by a trier of fact, *Riley* v. *Presnell*, 409 Mass. at 240, this is not such a case. We conclude that on the summary judgment record presented, the plaintiffs have failed as matter of law to sustain their burden that their action was timely. See *Bowen* v. *Eli Lilly & Co.*, 408 Mass. at 208-211 (the record in summary judgment proceedings established that a reasonable person in the plaintiff's position would have been on notice of her cause of action more than three years before commencing her action). We reverse and remand to the Superior Court for entry of judgment for the defendant.

*So ordered.*