Gershengorn, J.
Plaintiffs Jill Szymczuk (“Ms. Szymczuk”) and Sandra Avola (“Ms. Avola”) bring this action against their uncle John Szymczuk (“Mr. Szymczuk”) alleging negligence, intentional or reckless infliction of emotional distress, assault and sexual battery arising out of Mr. Szymczuk’s alleged sexual abuse of the plaintiffs in the 1950s and from 1963 to 1968. Mr. Szymczuk moves for summary judgment on the grounds that the action is barred by the two-year statute of limitations in effect during the 1950s and the 1960s. The plaintiffs oppose the motion claiming that the applicable limitations period is three years pursuant to G.L.c. 260, §2A, as amended in 1973 and that the causes of action accrued within three years of the plaintiffs’ filing suit. Based on the following, Mr. Szymczuk’s motion for summary judgment is allowed as to Ms. Avola and denied as to Ms. Szymczuk.
FACTS
Ms. Szymczuk claims that Mr. Szymczuk sexually abused her from 1963 to 1969. Ms. Szymczuk spoke to her sister, her parents, and her therapist Rebecca Morgan (“Morgan”) in April 1990 concerning the alleged sexual abuse. She claims that she began the process of becoming aware of the connection between the alleged harm she sustained and the alleged sexual abuse during May and June of 1990. Therapist Morgan began treating Ms. Szymczuk regularly in May 1990. In her affidavit dated October 1992, Morgan opined that Ms. Szymczuk did not make the connection between the sexual abuse and the harm she was suffering until various points “within the past year or two,” i.e. 1990 to 1991.
Ms. Avola claims that Mr. Szymczuk sexually abused her on multiple dates from 1955 through 1957. Ms. Avola told her therapist Kenneth Sipe about the sexual abuse in January or February 1989. Ms. Avola discussed being sexually abused by Mr. Szymczuk in general terms with Henry, Dana and Audrey Szymczuk in May 1989. Ms. Avola was hospitalized on various occasions at different hospitals between May 1989 and August 1992 and reported to the mental health professionals at these institutions the historical fact of her alleged sexual abuse.
Ms. Avola was admitted to Beth Israel Hospital on May 17, 1989. According to her hospital records, Ms. Avola reported on May 20, 1989 that she would like to have a family meeting to discuss the incest issue because she was concerned about her brother’s young children moving into Mr. Szymczuk’s house. On May 23, 1989, Ms. Avola spoke in group therapy about the alleged incest and its aftermath and she stated that the group was helping support her efforts to tell her family. The Beth Israel History Sheets show that between May 22, 1989 and May 26, 1989, Ms. Avola spoke about the alleged incest with her brother and mother and was using the unit well to work out the incest issues. One report stated that Ms. Avola seemed pressured to work on the issue of incest.
Therapist Kenneth Sipe noted on February 27, 1989 that Ms. Avola described memories of inappropriate sexual conduct by her uncle, Mr. Szymczuk and Ms. Avola stated that she thought she should be over *102 the feelings but instead her feelings were becoming more “available and pronounced.” On March 20, 1989, Sipe reported that Ms. Avola continued to address painful childhood experiences and secrets with certain siblings. In his psychological assessment dated October 21, 1991, Sipe noted that in February, 1989, Ms. Avola began describing memories of spending time with her uncle in his bed as a young girl and expressed her distrust of and dislike for her uncle.
Dr. Stuart Grassian, a psychiatrist who met with Ms. Avola on severed occasions between 1992 and 1995 in conjunction with this lawsuit opined that although Ms. Avola began to recall and talk about her memories of being sexually abused by Mr. Szymczuk earlier in 1989, she was not aware that she had been damaged by this abuse until after her hospitalization in May and June 1989. This action was commenced on May 28, 1992.
DISCUSSION
Mr. Szymczuk argues that the present action is barred by the two-year statute of limitations set forth in G.L.c. 260, §2A which was in effect at the time the alleged sexual abuse was committed in the 1950s and the 1960s. The statute was amended in 1973 to provide for a three-year limitation period effective January 1, 1974.[1] The legislative histoiy notes of the 1973 amendment states that the three-year limitations period applies “to causes of action arising on and after said date” of January 1, 1974. Thus the determination of which limitations period'applies hinges on when the plaintiffs’ causes of action arose.
The discovery rule provides that, regardless of actual time of injury, a cause of action does not accrue until plaintiff discovers or reasonably should have discovered that she may have been harmed as a result of defendants’ conduct. Cambridge Plating Co., Inc., v. Napco, Inc., 991 F.2d 21, 25 (1st Cir. 1993); Bowen v. Eli Lilly & Co., 408 Mass. 204, 206-08 (1990). The delayed knowledge may be either the fact of injury or the cause of the harm. Cambridge Plating Co., Inc. v. Napco, Inc., supra, at 25.
This discovery rule applies to tort claims by victims of incest who have no memory of sexual abuse until after expiration of the statute of limitations. Hoult v. Hoult, 792 F.Supp. 143, 144-45 (D. Mass. 1992). The discovery rule does not suspend the running of the limitations period pending confirmation of the plaintiffs injury or its cause, but simply stops the clock until the occurrence of “an event or events . . . that were reasonably likely to put the plaintiff on notice that someone may have caused her injury.” Bowen v. Eli Lilly & Co., supra, at 207. Once the discovery rule applies, the question becomes whether plaintiffs’ claims are barred because they failed as a matter of law to show that they did not know and could not have known that they had been harmed by the defendants’ conduct more than three years before they instituted their actions. Phinney v. Morgan, 39 Mass.App.Ct. 202, 206 (1995).
There is no evidence in the record, and Mr. Szymczuk does not argue that the plaintiffs discovered or reasonably should have discovered that they were harmed or may have been harmed by Mr. Szymczuk’s conduct prior to January 1, 1974. Accordingly, plaintiffs’ causes of action accrued after that date and the three-year statute of limitation is applicable to this case. See Kadar Corp. v. Milbury, 549 F.2d 230, 234 (1977) (G.L.c. 260, §2Abars actions commenced over tico years after acts which occurred in 1971 and 1972, unless for some reason it could be found that a cause of action based on those acts did not accrue until sometime later).
Ordinarily, where there is a disputed issue as to when a plaintiff knew or should have known of her cause of action the issue is to be decided by the trier of fact. See Phinney v. Morgan, supra, at 209. The Court may however conclude that on the summary judgment record presented where there are no disputed issues of material fact plaintiffs fail as a matter of law to sustain their burden that their action was timely. Id. There is uncontroverted evidence in the record showing that Ms. Szymczuk did not discover that Mr. Szymczuk’s conduct may have caused her harm until April 1990 at the earliest. This action was commenced in May 1992, thus Ms. Szymczuk’s claims are not barred by the three-year statute of limitations pursuant to G.L.c. 260, §2A.
Ms. Avola’s Beth Israel medical records show that on May 20, 1989 she spoke about the alleged sexual abuse by Mr. Szymczuk and was concerned about his living in the same house as her brother’s young children. Between May 22 and May 26, 1989, Ms. Avola spoke about the alleged sexual abuse with family members, hospital personnel and in group therapy. One report noted that she seemed pressured to work on the issue of the sexual abuse and another stated that she felt that the group was helpful in supporting her efforts to tell her family.
Ms. Avola’s therapist, Kenneth Sipe reported that Ms. Avola described memories of inappropriate sexual conduct by her uncle Mr. Szymczuk as early as February 27, 1989 and that her feelings concerning these alleged acts were becoming more “available and pronounced” at that time.
The discovery rule does not require that Ms. Avola know or have reason to know that Mr. Szymczuk violated a legal duty to her, but only that she knew or had reason to know that she had been harmed by Mr. Szymczuk’s conduct. Bowen v. Eli Lilly & Co., supra, at 206. Ms. Avola need not have known the full extent of her alleged injuries before the statute of limitations began to run. Flanagan v. Grant, 897 F.Sup. 637, 642 (D. Mass. 1995); Phinney v. Morgan, supra, at 208. Notice of likely cause is ordinarily enough to start the statute of limitations running, and thus on notice, Ms. *103 Avola had the duty to discover from the legal, scientific and medical communities whether the theory of causation was supportable and whether it supported a legal claim. Id. at 208.
Although Ms. Avola alleges that she was not aware of the full extent of her damages until November 1989, the record is sufficient to establish that Ms. Avola possessed knowledge or sufficient notice in May 1989 that Mr. S2ymczuk harmed her. Ms. Avola reacted to suspicious circumstances of which she was aware, namely her history of sexual abuse by her uncle, by discussing and working through the alleged incest issues during her Beth Israel Hospital stay in May 1989. She was on reasonable notice that the alleged acts of Mr. Szymczuk may have been a cause of harm to her and thus she had a duty to inquire into the theoiy of causation and whether it supported a legal claim possibly as early as February 1989, and at least by May 26, 1989. Accordingly the statute oflimitations for Ms. Avola’s claims commenced May 26, 1989 at the very latest and thus are barred by the three-year limitation period pursuant to G.L.c. 260, §2A.
ORDER
Based on the foregoing, it is ORDERED, that defendant’s motion for summary judgment is ALLOWED as to all claims brought by plaintiff Sandra Avola, and the motion is DENIED as to all claims brought by Jill Szymczuk.

The statute provides:
. . . [AJctions of tort . . . shall be commenced only within three years next after the cause of action accrues.
G.L.c. 260, §2A, as amended by St. 1973, c. 777, §1.