USCA1 Opinion

 

 A p r i l 5 , 1 9 9 5 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ______________________ No. 95-1962 CHARLOTTE FLANAGAN, Plaintiff, Appellant, v. GARY I. GRANT AND MERCIA GRANT, Defendants, Appellees. _______________ ERRATA SHEET ERRATA SHEET The opinion of this Court issued on March 27, 1996, is amended to reflect the following change on the cover sheet: James B. Krasnoo, with whom Paul J. Klehm and Keith B. __________________ _______________ ________ Hughes were on brief for appellees. ______ 1 UNITED STATES COURT OF APPEALS  FOR THE FIRST CIRCUIT ____________________ No. 95-1962 CHARLOTTE FLANAGAN, Plaintiff, Appellant, v. GARY I. GRANT AND MERCIA GRANT, Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Reginald C. Lindsay, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ ____________________ Carmen L. Durso, with whom Mary F. McCabe and Lynne A. _________________ ________________ ________ Tatirosian were on brief for appellant. __________ James B. Krasnoo, with whom Paul J. Klehm and Keith B. __________________ _______________ ________ Hughes was on brief for appellees.  ______ ____________________ March 27, 1996 ____________________ 2 Per Curiam. Plaintiff-appellant Charlotte Flanagan __________ filed this diversity action against her parents, defendants- appellees Gary and Mercia Grant, in the United States District Court for the District of Massachusetts on November 12, 1993. Her complaint alleged that her father sexually abused her for four years, beginning in 1980 when she was fourteen, and that her mother actively helped to cover up the abuse and to coerce her to drop charges against him.1 Defendants moved for summary judgment, and, in a well- reasoned report and recommendation, the magistrate judge recommended allowing the motion on the ground that the complaint was time-barred by the applicable three-year statute of limitations. Flanagan v. Grant, 897 F. Supp. 637 ________ _____ (D. Mass. 1995). The district court accepted the recommendation. Plaintiff appeals.  Having considered the record, the parties' briefs, and oral argument, we essentially agree with the lower court's reasoning and result and see no need to go over the same ground in the same detail. See In re San Juan Dupont ___ ______________________ Plaza Hotel Fire Litig., 989 F.2d 36, 38 (1st Cir. 1993). ________________________ The magistrate judge correctly applied the Massachusetts discovery rule to the facts of this case, taking into account the controlling Massachusetts cases including the leading  ____________________ 1. Plaintiff claimed assault and battery, intentional or negligent infliction of emotional distress, breach of fiduciary duty, and violation of her civil rights. -3- 3 authority, Riley v. Presnell, 409 Mass. 239, 565 N.E.2d 780 _____ ________ (1991). Since issuance of the lower court's opinion, the Appeals Court of Massachusetts has handed down another relevant decision, Phinney v. Morgan, 39 Mass. App. Ct. 202, _______ ______ 654 N.E.2d 77, rev. denied, 421 Mass. 1104, 656 N.E.2d 1258 ____________ (1995). Phinney gives further support to the magistrate _______ judge's view that the limitations period and discovery rule considered in Riley, a malpractice case, will apply here.2 _____ It also lends support to the present outcome, in that, in a fairly analogous situation involving parental incest, summary judgment was awarded absent plaintiffs' showing of a triable issue as to whether they or a reasonable person in their position would have lacked sufficient notice of the cause of their harm within the applicable time period. See Phinney, ___ _______ 654 N.E.2d at 81-82. Focusing, as the lower court properly did, on when plaintiff knew or had sufficient notice of the cause of her  ____________________ 2. Plaintiff's attempt to apply retroactively a recent Massachusetts enactment codifying the discovery rule in cases of sexual abuse of a minor does not carry her far. Even if Massachusetts General Laws ch.260, 4C were to apply, as it became effective December 17, 1993, after plaintiff filed her complaint but before the answer was filed, cf. Riley, 565 ___ _____ N.E.2d at 788 & n.3 (looking at whether stage of proceedings governed by legislative change on tolling had passed), it appears in the present circumstances to set out substantially the same standard and criteria announced in Riley.  _____ -4- 4 harm,3 we agree that the record demonstrates no triable issue over whether such knowledge or notice may have occurred only after November 12, 1990 (the relevant date, three years before the complaint was filed). The record contains a plethora of undisputed evidence showing plaintiff's early awareness of distress resulting from her father's abuse. She filed, withdrew, and later refiled (in October 1990) criminal charges against her father. She manifested from 1984 onward her strong desire to escape the repeated abuse (and, subsequently, to help her sister escape the risk of abuse). Her own suicidal inclinations in 1984 are linked in her affidavit with going to the police in that year with her mother and sisters to protest her father's conduct. Her psychologist, Dr. Wayment, opined that plaintiff could  ____________________ 3. Appellant concedes, as the magistrate judge found, that there is no dispute over the first prong of the discovery rule, i.e., that plaintiff knew she had been harmed prior to ____ November 1990. The sole issue is whether, given Dr. Wayment's and plaintiff's affidavits relating to her dissociation -- rendering her unable causally to relate her psychological injuries to her father's conduct -- plaintiff or a reasonable person who had been subject to her experience would have lacked sufficient knowledge until after November 12, 1990 that her father caused her injuries. We believe, in this regard, that the magistrate judge misspoke in resting her prong one finding solely on plaintiff's remembrance before then of "the incestuous acts." Flanagan, 897 F. Supp. ________ at 642. The relevant harm referred to in Riley is not simply _____ the abusive conduct itself but the psychological injury therefrom. See Riley, 565 N.E.2d at 786. Here, appellant ___ _____ considered suicide and manifested other forms of distress prior to November 1990, making it clear that she was aware of the psychological harm prior to then so as to satisfy prong one of the discovery rule. -5- 5 intellectually understand the relationship between her father's incest and her feelings, although she did not fully associate emotionally the incestuous conduct with her feelings until the fall of 1993. Riley held that even though emotional and _____ psychological barriers may prevent a plaintiff from taking action against an abusive defendant, a plaintiff's knowledge of a causal association between the abuse and the resulting psychological harm suffices to trigger the running of the statute of limitations. Riley, 565 N.E.2d at 787; see also _____ ________ Phinney, 654 N.E.2d at 81-82. We think the magistrate judge _______ did not err in finding no triable issue here, and are constrained to agree with her conclusion in this sad case that "[i]n the case at bar, although plaintiff did not fully experience the extent of the damage inflicted by her father, she nevertheless realized that her father was the likely cause of her injuries prior to November 12, 1990." Flanagan, ________ 897 F. Supp. at 643. There is no merit in plaintiff's second argument that the district court inadequately performed its review duties because it simply noted its approval on the magistrate judge's report itself. Plaintiff cites no caselaw or particular fact supporting her claim and we discern none.  Affirmed.  ________ -6- 6