**Ann SHAHZADE, Plaintiff,**

v.

**George GREGORY, Defendant.**

**Civil Action No. 92–12139–EFH.**

United States District Court,
D. Massachusetts.

July 15, 1996.

See also: 923 F.Supp. 286.

Paul E. Mitchell, Mitchell, Heinlein & De-Simone, Boston, MA, for Plaintiff.

Walter H. McLaughlin, Jr., William F. York, Boston, MA, for Defendant.

### MEMORANDUM AND ORDER

HARRINGTON, District Judge.

This matter is before the Court on the Defendant's Motion for Summary Judgment. The defendant claims that he is entitled to summary judgment as a matter of law because the plaintiff's claims are barred by the applicable statute of limitations. The defendant in this case is Dr. George Gregory, the plaintiff is Ann Shahzade, the defendant's cousin. For the reasons set forth below, the Court hereby denies the defendant's motion.

The plaintiff in this case alleges repeated episodes of non-consensual sexual touching of her by the defendant from 1940 to 1945, more than forty-seven years prior to her filing a complaint. The plaintiff was between the ages of approximately twelve and seventeen at this time; the defendant is approximately five years her senior. The plaintiff claims that these episodes had been completely blocked out and that she had no memory of them until she recovered so-called "repressed memories" of these touchings during psychotherapy in November of 1990. The defendant admits to some degree of sexual activity between himself and the plaintiff, but there is a dispute with regard to the nature and extent of such activity. In a May 8, 1996 Memorandum and Order, 923 F.Supp. 286 (D.Mass.1996), this Court allowed the plaintiff to introduce at trial evidence relating to these alleged repressed memories, concluding that this type of evidence qualified as scientific knowledge as required by Rule 702 of the Federal Rules of Evidence.

In a federal case where diversity is the basis for jurisdiction, the law of the forum state is applied when determining whether the plaintiff's claims are barred by the statute of limitations. *Wilson v. Hammer Holdings, Inc.,* 671 F.Supp. 94 (D.Mass. 1992). Under Massachusetts law, a tort action "shall be commenced only within three years ... after the cause of action accrues." Mass.Gen.L. ch. 260, § 2A (1991). The Massachusetts Statute, however, does not provide a definition as to when an action has accrued. This determination "has long been

the product of judicial interpretation." *Franklin v. Albert,* 381 Mass. 611, 617, 411 N.E.2d 458 (1980). In most cases, an action accrues and the statute of limitations begins to run on the date that the alleged injury occurred. Massachusetts courts, however, have created the "discovery rule" to address situations where the plaintiff does not and should not have known of the cause of action, and thus, to allow the statute of limitations to run would be fundamentally unfair. Although the Supreme Judicial Court of Massachusetts has not addressed the "discovery rule" issue with respect to victims of sexual abuse whose memories of the abuse have been repressed until after the statute of limitations has run, in an analogous situation, the Supreme Judicial Court has applied the "discovery rule" in a medical malpractice action against a psychotherapist for past sexual abuse. *Riley v. Presnell,* 409 Mass. 239, 565 N.E.2d 780 (1991). In support of this position, the *Riley* court held that, under the discovery rule, a cause of action does not accrue until the plaintiff discovers, or reasonably should have discovered, that her injuries may have been the result of the defendant's conduct. *Riley,* 409 Mass. at 244, 565 N.E.2d 780.

Applying the Court's rationale in *Riley,* the United States District Court for the District of Massachusetts extended the "discovery rule" to tort claims brought by victims of incest who have no memory of sexual abuse until after the statute of limitations has expired. *Hoult v. Hoult,* 792 F.Supp. 143, 144–45 (D.Mass.1992).

In 1993, the Massachusetts legislature enacted Mass.Gen.L. ch. 260, § 4C, providing:

> Actions for assault and battery alleging the defendant sexually abused a minor shall be commenced within three years of the acts alleged to have caused an injury or condition or within three years of the time the victim discovered or reasonably should have discovered that an emotional or psychological injury or condition was caused by said act, whichever period expires later; provided, however, that the time limit for commencement of an action under this section is tolled for a child until the child reaches eighteen years of age.

Subsequently, the Massachusetts Appeals Court, in applying Section 4C, held that the "discovery rule" was applicable in tort actions arising out of incestuous child abuse against the non-perpetrator of the abuse. *Phinney v. Morgan,* 39 Mass.App.Ct. 202, 654 N.E.2d 77 (1995). In doing so, the Appeals Court recognized that "because of the nature of the injury and the relationship of the parties, a child may repress all memory of the abuse, lack understanding of the wrongfulness of the conduct, or be unaware of any harm or its cause until years after the abuse." *Phinney,* 39 Mass.App.Ct. at 205, 654 N.E.2d 77. After reviewing the holdings and rationale applied in these previous cases, this Court concludes that fundamental fairness requires the "discovery rule" to apply to tort claims brought by victims of sexual abuse whose memories of such abuse have been repressed until after the statute of limitations has run.

■ After concluding that the "discovery rule" applies in cases involving repressed memories of sexual abuse, "the next question is whether there exists a material question of fact as to the time the plaintiff, or a reasonable person in her position, would have had sufficient notice of her injuries to trigger the running of the statute of limitations." *Nault v. New England Annual Conference of the United Methodist Church,* Suffolk Superior Court C.A. No. 95–03457 at 5. In Massachusetts, if the statute of limitations is pleaded as a defense, the burden is then on the plaintiff to prove that the facts take this particular case outside the impact of the statute of limitations. *Franklin v. Albert,* 381 Mass. 611, 619, 411 N.E.2d 458 (1980). As the non-moving party, however, the plaintiff does not lose the benefit of all reasonable inferences in evaluating her claim. *See Riley,* 409 Mass. at 244, 565 N.E.2d 780.

In deciding whether the plaintiff has met her burden, the Court must make the determination whether the plaintiff has established a material question of fact as to whether she had "(1) knowledge or sufficient notice that she was harmed by the defendant and (2) knowledge or sufficient notice of what caused that harm." *Nault,* Suffolk Superior Court C.A. No. 95–03457 at 7. *See also*

*Bowen v. Eli Lilly & Co.*, 408 Mass. 204, 208, 557 N.E.2d 739 (1990); *Riley v. Presnell*, 409 Mass. 239, 244, 565 N.E.2d 780 (1991). For the following reasons, the Court rules that the plaintiff has met her burden.

The plaintiff claims that she had no conscious memory of the alleged sexual abuse until November 12, 1990, and therefore, did not have actual knowledge of the cause of her injuries until that time. Furthermore, Dr. Bessel van der Kolk, who is an expert in the area of repressed memories, corroborated the plaintiff's claim stating,

> It is my opinion, to a reasonable degree of medical certainty, that Ann Shahzade did dissociate the memories of the childhood sexual abuse inflicted upon her by her cousin, George Gregory. It is further my opinion that Ann Shahzade was not aware, in any way, that the harm she suffered was caused by George Gregory's inappropriate sexual behavior, until the time that Ann Shahzade met with Dr. Henry Smith–Rohrberg in 1990.

(See Affidavit of Bessel van der Kolk, M.D.)

▆ Notwithstanding those averments, however, a plaintiff's affidavits and depositions and those of her expert "cannot be used to contradict previous statements made by the plaintiffs under oath in order to create a material issue of fact to defeat summary judgment." *Phinney*, 39 Mass.App.Ct. at 207, 654 N.E.2d 77. The defendant points to two statements made by the plaintiff in her deposition which he believes are sufficient to establish that the plaintiff possessed knowledge or sufficient notice that she was harmed and of what caused that harm. The first statement relates to a trip the plaintiff took with the defendant in 1947 when she was nineteen years old.[1]

Q: Did you worry about being alone with him? Were you glad your mother and aunt were there?

A: Absolutely.

Q: Because you were afraid of being alone with him?

A: That's right.

Q: Because he might touch you; is that right?

A: That's right.

In addition to this admission, the plaintiff also testified at her deposition that the defendant's threats regarding her revealing the sexual abuse reverberated in her mind throughout her life.

> All I remember him saying to me is, "Don't you dare tell anybody or your mother will die." I heard that like an echo over and over and over. And I still hear it now. And that's why I until the day my mother died I felt responsible for her health. I had to keep my mother alive. I was there twenty-four hours a day for my mother until we buried her in the ground.[2] Morning, noon and night I was at her house.

These statements constitute two separate admissions by the plaintiff that she had knowledge of the sexual abuse. (Plaintiff might later testify at trial that these two statements themselves were the product of her "recovered memory.") Despite the plaintiff's admissions, however, there is nothing in either statement to show that the plaintiff was aware of a causal relation between the abuse and any harm which she now claims was the result of such abuse.[3]

---

1. The statute of limitations, however, had not yet begun to run. When the plaintiff is a minor on the date of the alleged injury, the statute is tolled until the plaintiff reaches the age of majority. Under the then existing statute of limitations, an individual reached the age of majority at twenty-one. *See Harris v. Wilcox*, 384 Mass. 57, 424 N.E.2d 193 (1981). Therefore, the statute of limitations did not begin to run until the plaintiff's twenty-first birthday on January 25, 1949.

2. The plaintiff's mother died in 1982, approximately thirty-seven years after the last alleged sexual contact between the plaintiff and the defendant. This reverberation, therefore, was present throughout much of the plaintiff's adult life.

3. Dr. van der Kolk believes that the harm from the sexual abuse "is primarily expressed by her choice of an abusive husband, her difficulties setting limits, her failure to have an intimate relationship with anybody and her inability to have a satisfactory sexual relationship." (See Affidavit of Bessel van der Kolk, M.D.)

For these reasons, the Court denies the Defendant's Motion for Summary Judgment.

SO ORDERED.