Murphy, J.
The plaintiff, Commerce Bank and Trust Company (“Commerce”) brought an action for declaratory judgment against defendant Vulcan Industries, Inc. (“Vulcan”). Commerce is seeking to recover monies from checks Vulcan made payable to Commerce, but which Commerce never received. Vulcan responded with 10 counterclaims alleging (1) UCC violations; (2) gross negligence; (3) ordinary negligence; (4) aiding and abetting embezzlement; (5) aiding and abetting fraud; (6) aiding and abetting a breach of fiduciary duty; (7) conversion pursuant to G.L.c. 266, §20; (8) fraudulent conveyance; (9) violations of G.L.c. 93A; and (10) unjust enrichment. The matter is before the Court on Commerce’s motion to dismiss on the basis that G.L.c. 106, §4-406 imposes a statute of limitations on Vulcan’s counterclaims. Alternatively, Commerce asks the Court to dismiss all the aiding and abetting counts plus the counts for conversion, fraudulent conveyance and 93A violations pursuant to Mass.R.Civ.P. 12(b)(6). For the following reasons, Commerce’s motion is ALLOWED in part and DENIED in part.

*683
BACKGROUND

Between July 1998 and February 2001, a Vulcan employee, one Jodie Lee Congdon (“Congdon”), used Vulcan’s corporate checks to pay her home equity loan with Commerce. Before being discovered, Congdon embezzled $539,785.98 in this manner. The Com- . plaint in this matter was filed on November 29, 2001. In the one year prior to filing the Complaint, Congdon negotiated seven checks totaling $78,632.02. In the two years prior to that, she negotiated thirty-two Vulcan checks totaling $377,690. Finally, six checks totaling $83,463.96 were dated for periods exceeding three years from the date of the Complaint. It is undisputed that Vulcan was never a customer of Commerce and that Commerce never sent Vulcan any statements or correspondence regarding these transactions prior to the embezzlement being discovered.

DISCUSSION

I.
Commerce’s initial reason for dismissal lies with the limitations period in G.L.c. 106, §4-406(f) which reads:
Without regard to care or lack of care of either the customer or the bank, a customer who does not within one year after the statement or items are made available to the customer (subsection (a)) discover and report the customer’s unauthorized signature on or any alteration on the item is precluded from asserting against the bank the unauthorized signature or alteration.
G.L.c. 106, §4-406(f).
Since Vulcan contends only that the checks were altered, Commerce reasons that this one-year window precludes Vulcan’s claims for all but $78,632.02 of the embezzled funds. This would be the case if Vulcan had ever been a Commerce customer; but since it never was, Commerce’s reliance on this statute is misplaced. The term “customer” is defined in G.L.c. 4-104(5) as “a person having an account with a bank or for whom a bank has agreed to collect items, including a bank that maintains an account at another bank.” Vulcan does not fit this statutory definition and therefore G.L.c. 106, §4-406(f) does notcapply to Vulcan, and Commerce’s assertion that dismissal must follow all claims precluded by the one-year window fails.
Commerce next seeks to impose the three-year tort statute of limitations, G.L.c. 260, §2A, to bar Vulcan’s claims for $83,463.96 in funds Congdon negotiated between July and November 1998. Vulcan responds that the discovery rule provides adequate leeway to sustain claims for all the embezzled funds.
The discovery rule provides that a cause of action accrues and the statute of limitations begins to run when the plaintiff discovers or reasonably should have discovered it has been harmed. Phinney v. Morgan, 39 Mass.App.Ct. 202, 204 (1995). Ordinarily, such a determination is left to the trier of fact. Riley v. Presnell, 409 Mass. 239, 240 (1991). However, “the three-year limitations period commences to run when a reasonably prudent person (in the tort claimant’s position). . . reacting to any suspicious circumstances of which he might have been aware . . . should have discovered that he had been harmed ...” Bowen v. Eli Lilly & Co., 408 Mass. 204, 208 (1990). To invoke the discovery rule to preserve Vulcan’s claims in this matter, proof would be required that Vulcan acted prudently and reasonably when it failed to respond to Congdon’s scheme upon presentment of the monthly bank statements, and cancelled checks to Commerce, provided by its own bank detailing each and every time Congdon diverted corporate funds to pay her equity line with Commerce. There seems to be some evidence that Congdon intercepted or otherwise prevented Vulcan from reasonable awareness of its predicament, and for that reason the Court declines to issue summary judgment on the monies lost prior to November 1998. Whether these amounts are time barred by G.L.c. 260, §2A must be determined by the facts of the scope of Congdon’s fraudulent scheme in relation to the reasonableness vel non of Vulcan’s failure to discover its losses.
II.
In considering a motion to dismiss brought pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the factual allegations of the well pleaded complaint as well as any inferences that can be drawn from those allegations in favor of the plaintiff. Fairneny v. Savogran Co., 422 Mass. 470 (1996). Considering the pleadings and such inferences in this light, the complaint should not be dismissed “unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
To prevail on claims that Commerce aided and abetted Congdon’s wrongful conduct, Vulcan must allege that Commerce facilitated Congdon’s embezzlement while recognizing that she was doing something wrong. Norman v. Brown, Todd & Heyburn, 693 F.Sup. 1259 (D.Mass. 1988). Aiding and abetting on its own terms does not encompass inadvertence. Vulcan’s assertion that liability attaches merely upon pleading that Commerce knew or should have known it' was assisting Congdon is unsupported in the caselaw. Therefore, Commerce’s motion to dismiss these counts of Vulcan’s counterclaims must be allowed.
The Court also will allow Commerce’s motion with regard to the fraudulent conveyance count. Vulcan has not responded to Commerce’s charge that it has failed to assert the statutory elements of such a charge. The Court takes this failure to respond as a waiver of the allegations.
Commerce is technically correct that G.L.c. 266, §30 is a criminal statute and Vulcan is not entitled to any civil relief under that statute. Therefore, the Court will dismiss so much as that count as relates to the *684 statute. However, Vulcan's pleadings are sufficient to delineate a claim for conversion. A party may be liable for the tort of conversion if he or she is “(OJne who intentionally or wrongfully exercises acts of ownership, control or dominion over personal property to which he has no right of possession." Abington National Bank v. Ashwood Homes, Inc., 19 Mass.App.Ct. 503, 507 (1985). This portion of the count addresses Commerce’s retention of the money after it knew of both Congdon’s embezzlement and Vulcan’s efforts to reclaim what it considered its property. That Commerce has exercised control over the money at this point is undisputed. Vulcan may argue, as it does, that Commerce had no right to possession and that those acts were intentional or wrongful. Therefore, Commerce’s motion on this count must be allowed with regard to the statutory claim for relief and denied as to the conversion claim.
Violations of G.L.c. 93A are possible whenever a consumer’s injuries fall within a common law conception of unfairness. Levings v. Forbes & Wallace, Inc., 8 Mass.App.Ct. 498, 504 (1979). Therefore, because Vulcan may pursue its common law claim for conversion, it is entitled at this point in the proceedings, and for the constrictive purposes of a motion to dismiss, to maintain its claims for relief under G.L.c. 93A as well.

ORDER

For the foregoing reasons, this Court ORDERS that defendant in counterclaim’s. Commerce Bank and Trust Company’s, motion to dismiss is DENIED as to so much of the claims as are alleged to be time barred by G.L.c. 260, §2A.
The Court further ORDERS that Commerce’s motion to dismiss is ALLOWED pursuant to Mass.R.Civ.P. 12(b)(6) with regard to claims that it engaged in a fraudulent conveyance; engaged in larceny by false pretenses in violation of G.L.c. 266, §20; and aided and abetted embezzlement, fraud and breach of a fiduciary duty.
Finally, the Court further ORDERS that Commerce’s motion to dismiss is DENIED as to allegations that it is liable for conversion, and consequent violations of G.L.c. 93A.