MacDonald, D. Lloyd, J.
The motion for summary judgment is ALLOWED for the following reasons.
The dispositive issue before the Court is whether the Plaintiffs claim is time barred. This is a priest sexual abuse case, and the Plaintiff alleges that the abuse occurred in the years 1959-64. The Plaintiff was 17 years old in 1959 and turned 18 in 1960. The complaint here was filed in November 2004. Thus, forty-four years had passed since the Plaintiff turned 18. The complaint alleges — but there were no supplementary facts submitted in the summary judgment record to confirm — that the Plaintiffs memory was “repressed.” As a result, the Plaintiff alleges that until some time in 2002 he did not appreciate the connection between the abuse and his subsequent emotional breakdown and related life issues.
General Laws c. 260, §4C automatically tolls the statute of limitations period on child sexual abuse cases until the victim reaches the age of eighteen years. At that point, the statute fixes a three-year limitations period from the time “the victim discovered or reasonably should have discovered that an emotional or psychological injury or condition was caused by the said act.” Pursuant to this statute, “causes of action do not accrue for limitations purposes until the plaintiff knew or should have known that he was harmed by the defendant’s conduct.” Ross v. Garabedian, 433 Mass. 360, 363 (2001). The victim need not understand completely the nature or extent of the injury in order for the cause of action to accrue. Phinney v. Morgan, 39 Mass.App.Ct. 202, 208 (1995). The cause of action accrues when a victim possesses knowledge that would put a reasonable person on notice that they had been harmed and the cause of the harm. Ross, 433 Mass. at 362-63. Where, as here, a plaintiff invokes the discovery rule for a failure to recognize the cause of his injury, he or she bears the burden of proving both an actual lack of knowledge and the objective reasonableness of that lack of knowledge. Doe v. Creighton, 439 Mass. 281, 283 (2003).
The record before the Court includes certain psychological counseling records of the Plaintiff that were submitted by the Plaintiff to counsel for the Defendants prior to the initiation of this action. Included in these records is a clinical note dated October 26,1999, i.e., over five years before the complaint herein was filed. The note relates the Plaintiffs description of sexual abuse by a priest and a “feeling” of “anger” and “self-shame.” These records contain a further clinical note dated July 3, 2001, with the following entry: “[Plaintiff] told his lawyer about victimization by . . . priests. [Plaintiff] considering litigation against diocese and Franciscans. Damages might be in millions. Discussed pros and cons.”
The complaint was filed more than three years after this unambiguous evidence of the Plaintiffs knowledge of the nature of the alleged injury and remedies available to him. For this reason the present action is time-barred, and the Defendant’s motion for partial summary judgment is allowed.
The motion is allowed for the further reason that even in the absence of this conclusive evidence, the Plaintiff failed to meet his burden to explain his failure to have otherwise timely filed the action. His otherwise unamplified allegation that his memory was repressed is a “bare assertion and conclusion” which “is not *103 enough to withstand a well pleaded motion for summary judgment. A response ‘must set forth specific facts showing that there is a genuine issue for trial.’ Mass.R.Civ.P. 56(e).” Key Capital Corp. v. M&S Liquidating Corp., 27 Mass.App.Ct. 721, 727-28 (1989).
The decade of the 1990s and the period leading to November 2001 (three years before the complaint was filed here) was a time when “the print and broadcast media were saturated with reports of child sexual abuse, including extensive discussion of the victim’s difficulties in reporting the abuse and detailed description of its long-lasting psychological ill effects.” Ross, 433 Mass. at 370 (Sosman, J. dissenting). In the absence of proof of particularized circumstances to the contrary, it is not credible that a person in the Plaintiffs position, having had the experiences which the Plaintiff alleges here, would not have been on notice that he had been harmed by the Defendants’ conduct and on notice as to the cause of such harm. Ross, 433 Mass, at 363. Creighton, 439 Mass, at 283.
ORDER
The motion for summary judgment of the defendants Roman Catholic Diocese of Albany and Bishop Howard J. Hubbard is ALLOWED and judgment shall enter for them.