Hinkle, J.
In this action, the plaintiff alleges that the defendants, the New England Annual Conference of the United Methodist Church (hereinafter “the Church”) and Edward Carroll, a former Bishop of the Church, were negligent in their hiring, retention and supervision of Earl Haywood, a minister who raped and molested the plaintiff while she was a minor. The defendants argue that the plaintiffs claim is time-barred under G.L.c. 260, §7 because she commenced this action more than three years after she reached the age of majority.
The matter is currently before the Court on defendants’ motion for summary judgment. After hearing, the motion is DENIED.
BACKGROUND
Considered in the light most favorable to the non-moving party, see Riley v. Presnell, 409 Mass. 239, 240-41 (1991), the relevant facts are as follows. Between the summer of 1978 and June 1980, Earl Haywood, then a minister of the Fisk Memorial United Methodist Church located in Natick, Massachusetts, sexually assaulted and molested the plaintiff on repeated occasions. During this period, while she was aged 12 through 14, the plaintiff believed her relationship with Haywood to be a boyfriend-girlfriend relationship. Until the fall of 1980, when the plaintiffs parents first discovered the sexual abuse, the plaintiff did not understand her relationship with Haywood to be illegal or wrongful. When she was first told by her mother that Haywood’s actions were wrongful, the plaintiff did not fully understand why they were wrongful, and in any event, did not believe she had been harmed by them. Although the plaintiff was in family therapy, and at times individual therapy, during and following the incidents of sexual abuse, the sexual abuse was never a substantial focus of the plaintiffs treatment.
In April of 1992 the plaintiff became aware through the news media of incidents involving sexual abuse inflicted upon children by a Catholic priest, Father James Porter. These accounts prompted her to seek *499 therapy again. Both plaintiff and her therapist state that the plaintiff was unable to appreciate the causal connection between her sexual abuse and the psychological harm she suffered until sometime in the fall of 1992.
Plaintiff filed suit against Haywood on January 20, 1994 but chose not to bring suit against the defendants in this action at that time. In January of 1995, during her suit against Haywood, the plaintiff learned for the first time that Edward Carroll knew about a prior incident of sexual abuse committed by Haywood while Haywood was a minister at Fisk Memorial. The plaintiff then instituted this action on June 22, 1995.
DISCUSSION
Summary judgment is appropriate where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). When considering a motion for summary judgment, I do not consider the credibility of the witnesses or the weight of the evidence, nor do I make findings of fact. See Attorney Gen. v. Bailey, 386 Mass. 367, 370, cert. denied sub nom. Bailey v. Bellotti, 459 U.S. 970 (1982).
The defendants argue that the plaintiffs cause of action accrued in 1987, three years after she reached the age of majority. They contend that in Massachusetts the ‘discovery rule’ has yet to be applied in a case involving non-incestuous childhood sexual abuse. Defendants further argue that since the plaintiff was aware that she had suffered a wrongful and illegal assault at the hands of Haywood, this knowledge was sufficient to trigger the running of the limitations statute once the plaintiff reached the age of majority in 1984, even if her psychological harm was not known until years later.
Actions in tort ordinarily accrue at the time the person is injured. Cannon v. Sears, Roebuck & Co., 374 Mass. 739, 741 (1978). The unfairness of such a rule, however, has been recognized in actions when the plaintiff did not know or could not reasonably have known that she may have been harmed by the conduct of another. Phinney v. Morgan, 39 Mass.App.Ct. 202, 204 (1995). Accordingly, the ‘discovery rule’ tolls the statute of limitations until a plaintiff discovers, or reasonably should have discovered, that she has been harmed or may have been harmed by the defendant’s conduct. Bowen v. Eli Lilly & Co., 408 Mass. 204, 205-206 (1990).
In Massachusetts, this rule has been applied to actions for legal malpractice, Hendrickson v. Sears, 365 Mass. 83, 89-90 (1974); real estate fraud, Friedman v. Jablonski, 371 Mass. 482, 485-86 (1976); and medical malpractice, Franklin v. Albert, 381 Mass. 611, 618-619 (1980).
Whether the discovery rule should be applied in non-incestuous sexual abuse cases where the plaintiff knows about the sexual abuse before majority, but does not realize that psychological problems were caused by the molestation is an issue of first impression in the Commonwealth. The discovery rule is narrowly applied in this context in other jurisdictions. See Baily v. Lewis, 763 F.Supp. 802, 805-808 (E.D.Pa. 1991), aff'd, 950 F.2d 721, 722 (3d Cir. 1991) (collecting cases that involve either suppressed memory or an inability to appreciate the causal connection between sexual abuse and the resulting psychological harm).
In Massachusetts, the Supreme Judicial Court has applied the discovery rule in an action for psychother-apeutic malpractice where the adult plaintiff, among other things, was sexually abused by his psychotherapist during treatment. Riley v. Presnell, 409 Mass. 239, 247 (1991). Although the plaintiff failed to bring suit until five years after his treatment ended, the Supreme Judicial Court held that a question of fact existed as to whether a reasonable person in the plaintiffs position would have been able to draw a causal connection between the improper therapy and the psychological problems the plaintiff suffered as a result. Id. at 245-247. Following Riley, in 1993 the Legislature enacted G.L.c. 260, §4C, which states that “(a)ctions for assault and battery alleging that the defendant sexually abused a minor shall be commenced within . . . three years of the time the victim discovered or reasonably should have discovered that an emotional or psychological injury or condition was caused by said act.”[1] (Emphasis added.)
Recently, the Appeals Court applied §4C to a negligence action brought against a nonperpetrator of incestuous sexual abuse. Phinney v. Morgan, 39 Mass.App.Ct. 202, 204 (1995). In that case, the Appeals Court listed several factors which prompted its expansion of the discovery rule to incestuous child abuse: “an unawareness that the defendant committed a wrongful act at the time of its commission; the plaintiffs trust in the defendant; the defendant’s control over the facts giving rise to the plaintiffs cause of action; and the necessity of a triggering event which makes the plaintiff aware of the defendant’s potential liability.” Id. at 205, citing Hendrickson v. Sears, 365 Mass. at 88-90; Friedman v. Jablonski, 371 Mass. at 485-86; Franklin v. Albert, 381 Mass. at 617-19; and Doucette v. Handy & Harmon, 35 Mass.App.Ct. 724, 726 (1994).
On the basis of the summary judgment record, I cannot rule as a matter of law that the factors enumerated in Phinney are absent in this case. Construing the facts in the light most favorable to the plaintiff, at the time of the sexual abuse she was unaware of the wrongfulness of the acts and considered her relationship with Haywood to be a boyfriend-girlfriend relationship. The plaintiff trusted the defendants, who possessed and maintained significant control over the facts giving rise to the plaintiffs cause of action.[2] *500 Finally, the plaintiff was not aware of the causal connection between her emotional problems and the sexual abuse until some time in 1992. In my view, the relationship between the plaintiff and her minister and Church is sufficiently close to that of a parent and child or a psychotherapist and patient to warrant expansion of the discovery rule to this case.
Having concluded that the discovery rule applies here, the next question is whether there exists a material question of fact as to the time the plaintiff, or a reasonable person in her position, would have had sufficient notice of her injuries to trigger the running of the statute of limitations. The record before me raises an issue of material fact as to when the plaintiff knew or should have known of her injury by the defendants.
The defendants contend that at the latest the plaintiffs cause of action began to accrue in April of 1992, when she first heard about the incidents involving Father Porter and decided to seek additional therapy for her emotional problems. Because the plaintiff did not bring suit against these defendants until June of 1995, the defendants argue that this action is time-barred.
Once the defendant pleads the statute of limitations as a defense and establishes that the action was brought more than three years from the date of the injury, the burden of proving facts that take a case outside the impact of the statute falls upon the plaintiff. Franklin v. Albert, 381 Mass. at 619. Nevertheless, as the non-moving party in this motion for summary judgment, the plaintiff does not lose the benefit of all reasonable inferences in evaluating her claim. See Riley v. Presnell, 409 Mass. at 244. Any factual dispute concerning when a plaintiff knew or should have known of her cause of action is to be resolved by the jury. Id. at 247-248.
A party need not apprehend the full extent or nature of an injury in order for a cause of action to accrue. Olsen v. Bell Tel. Laboratories, Inc., 388 Mass. 171, 175 (1983) (cause of action for negligent exposure accrues on discovery of any injury rather than on discovery that the injury is permanent). If sufficient facts exist that would put a reasonable person on inquiry as to the existence of a causal connection, this triggers the running of the statute. Lear-Heflich v. Schwartz, 21 Mass.App.Ct. 928, 930 (1985) (cause of action for medical malpractice accrues as a matter of law upon discovery of complications necessitating hospital visits and a surgical procedure rather than on discovery of a failure to disclose certain risks). Once the plaintiff has such notice, she assumes a duly to inquire of the scientific or medical community whether her theory of causation is supportable. Fidler v. Eastman Kodak Co., 714 F.2d 192, 199 (1st Cir. 1983); Lear-Heflich v. Schwartz, 21 Mass. at 930.
In summary, the test I apply is whether the plaintiff has established a material question of fact as to whether she had (1) knowledge or sufficient notice that she was harmed by the defendants and (2) knowledge or sufficient notice of what caused that harm. See Bowen v. Eli Lilly & Co., 408 Mass. 204, 208 (1990); Riley v. Presnell, 409 Mass. at 244. I find that the plaintiff has met her burden.
The nature of the sexual abuse inflicted upon the plaintiff and the unique relationship between the plaintiff and her minister and Church makes it particularly difficult to establish whether notice of injury was sufficient as a matter of law. Unlike tort cases which result in a visible and tangible physical injury, the emotional injuries which tend to follow sexual abuse may not be easily comprehended by the victim. The Appeals Court recognized as much when they expanded the discovery rule to cases involving incestuous sexual abuse; “(w]e recognize that because of the nature of the injury and the relationship of the parties, a child may repress all memory of the abuse, lack understanding of the wrongfulness of the conduct, or be unaware of any harm or its cause until years after the abuse.” Phinney v. Morgan, 39 Mass.App.Ct. at 204-05.
The plaintiff alleges that she was unable to comprehend the wrongfulness of the abuse, and testified in her deposition that she felt as though she were a “co-conspirator” with her abuser. Although she was influenced in April of 1992 by the media accounts involving Father Porter, both the plaintiff and her therapist assert that she was unable to appreciate the causal connection between her sexual abuse and the psychological harm she suffered as a result until sometime in the fall of 1992. In light of these factors and the Legislature’s clear attempt to expand the discovery rule in cases involving childhood sexual abuse, I cannot rule that the plaintiff has failed as a matter of law to raise a material question of fact regarding reasonable notice of injury. Rather, this issue must be decided by a jury.
ORDER
For the foregoing reasons, the defendants’ motion for summary judgment is DENIED.

General Laws c. 260, §4C, as inserted by St. 1993, c. 307, provides as follows: “Actions for assault and battery alleging the defendant sexually abused a minor shall be commenced within three years of the acts alleged to have caused an injury or condition or within three years of the time the victim discovered or reasonably should have discovered that an emotional or psychological injury or condition was caused by said act, whichever period expires later; provided, however, that the time limit for commencement of an action under this section is tolled for a child until the child reaches eighteen years of age.”

The plaintiff argues that the defendants should be equitably estopped from raising the statute of limitations as a defense since the plaintiff allegedly relied on statements made on behalf of the Church that the Church had no prior knowledge of sexual abuse committed by Haywood. She argues, alternatively, that the Church breached a fiduciary duty to disclose such information and that the Church fraudulently concealed its knowledge regarding Haywood. It is unnecessary to address these issues at this time.