Welch, J.
This case involves claims by plaintiff Debra Howard (“Debra”) arising out of alleged acts of sexual abuse committed in her childhood by her stepfather, defendant William J. Colety (“William”). The defendants have moved for dismissal or, alternatively, summary judgment on statute of limitations grounds.
BACKGROUND
For the purposes of this motion, the court will accept as true the allegations in the plaintiffs complaint and the facts as stated in the affidavits she has submitted. Debra’s version of the facts is as follows:
Debra was born in 1961. Her biological father left home when she was 4 years old. In 1970, when Debra was 9, her mother, defendant Nancy Colety (“Nancy”), married William. In 1972, when Debra was eleven, while she was lying in bed with William and Nancy, William digitally penetrated her vagina. Upon being touched, Debra “was afraid to confront” her stepfather and “so . . . pretended to remain asleep.” Debra told her mother about the incident. Nancy responded that William may have mistaken Debra for herself. Debra replied that William had been awake and aware of what he was doing. Nancy then said that he was unaccustomed to being around a young girl and probably merely “exploring.”
*563 Subsequently, for approximately 6 years, William frequently touched Debra inappropriately, fondling her and pinching her breasts. Debra attempted to stay away from home as much as possible. She avoided being home alone with her stepfather, particularly when he had been drinking. Due to these indecent assaults, she “was always fearful in my own home” and felt she “had no one to turn to.” In 1978, at age 17, Debra moved away from home to live with a man whom she subsequently married. This marriage was not a success. During high school and beyond, Debra had a drinking problem which she now attributes to her stepfather’s alleged abuse.
In 1993, Debra’s brother and his wife had a baby girl. Debra was suddenly seized with terror by the thought that William would sexually abuse this child as well. In February of that year, she entered psychotherapy to help deal with this anxiety. She acknowledges that she was “able to remember [her] step-father’s abuse” before entering therapy. However, she claims that therapy enabled her to understand the connection between the abuse and her subsequent marital difficulties, drinking, and other problems. On December 29, 1995, she filed the instant action against William and Nancy, alleging assault, battery, intentional infliction of emotional distress, breach of fiduciary duty, negligent parenting, and civil rights violations.
William and Nancy have filed the instant motion on the ground that Debra’s claims accrued more than three years before December 29, 1995, and that they are therefore barred by the statute of limitations.
DISCUSSION
The defendants’ motion is styled in the alternative, as a motion both to dismiss and for summary judgment. Two affidavits submitted by the plaintiff are referred to by both sides in their memoranda of law: the affidavit of Debra Howard, filed on March 12, 1996 in support ofher motion for a real estate attachment and for injunctive relief, and that of her medical expert, Daniel Brown, PhD., filed on February 15, 1996 in support of Debra’s motions for attachment. Debra has also submitted excerpts from two scholarly works in support ofher current motion. The court will therefore treat this motion as one for summary judgment, according to the procedure outlined in Mass.R.Civ.P. 12(b). See Stop & Shop Cos., Inc. v. Fisher, 387 Mass. 889, 892 (1983).
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The nonmoving party’s failure to prove an essential element of its case “renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
In the instant case, the defendants’ motion for summary judgment rests on the issue of statute of limitations. There is no dispute that the alleged harmful acts committed by William and Nancy took place in the 1970s, and that this lawsuit was not filed until 1995. However, the law of this Commonwealth allows for application of the “discovery rule” in certain kinds of cases. The discovery rule holds that a cause of action does not accrue for limitations purposes until the plaintiff should have known of the harm caused and what caused it. The discovery rule applies in cases of familial sexual abuse, such as this one. G.L.c. 260, §4C.
G.L.c. 260, §4C, provides, in part:
[a]ctions for assault and battery alleging the defendant sexually abused a minor shall be commenced . . . within three years of the time the victim discovered or reasonably should have discovered that an emotional or psychological injury was caused by said act. . .
The statute automatically tolls the limitations period until the victim reaches the age of eighteen. Both parties agree that the applicable limitations period for Debra’s claims is three years, and that the discovery rule applies. The question therefore is when Debra’s cause of action accrued.
In Riley v. Presnell, 409 Mass. 239 (1991), the Supreme Judicial Court addressed the question of when a cause of action accrues under the discovery rule. Under Riley, the court should inquire as to when the plaintiff “had ‘(1) knowledge or sufficient notice that [she] was harmed and (2) knowledge or sufficient notice of what the cause of harm was.’ ” 409 Mass. at 244 (quoting Bowen v. Eli Lilly & Co., 408 Mass. 204, 208 (1990)). In other words, the action accrues at “the time the victim discovered or reasonably should have discovered that an emotional or psychological injury or condition was caused by the defendant’s conduct.” Phinney v. Morgan, 39 Mass.App.Ct. 202, 206 (1995).
In the instant case, the cause of action could not have accrued earlier than Debra’s eighteenth birthday in 1979, because of the application of G.L.c. 260, §4C. Debra contends that it did not accrue until February 1993, when she began discussing the alleged abuse in psychotherapy. She acknowledges that “(p]rior to starting therapy, I was able to remember my stepfather’s abuse, but I made it a point not to think about it or how it affected my life.” March 12, 1996 Affidavit of Debra Howard at 8. Debra’s psychological expert, Daniel Brown, Ph.D. (“Dr. Brown”), states that before 1993, she “minimized the psychological impact ofher stepfather’s sexual behavior.” February 15, 1996 Affidavit of Daniel Brown, PIlD. at 5. Dr. Brown says that *564 “[u]ntil [1993 Debra’s] method of coping with her experiences of sexual abuse was to ignore it.” Id. at 11. Nowhere does Debra, or Dr. Brown, contend that Debra had forgotten or repressed her memory of the alleged incidents. Rather, Dr. Brown states that in 1993 Debra “shifted from an avoidance, to an intrusive, phase of post-traumatic adjustment, and since that watershed event she is spilling over with uncomfortable memories, thoughts, images, dreams and, especially, emotions associated with her alleged childhood abuse." Id. at 20.
In Phinney, the Appeals Court identified several factors behind the courts’ willingness to toll the limitations period in “incestuous child abuse” cases:
[t]hose factors are an unawareness [on the part of the plaintiff] that the defendant committed a wrongful act at the time of its commission; the plaintiffs trust in the defendant; the defendant’s control over- the facts giving rise to the plaintiffs cause of action; and the necessity of a triggering event which makes the plaintiff aware of the defendant’s potential liability.
39 Mass.App.Ct. at 205 (citations omitted). None of these factors is applicable in the instant case. Most significantly, the evidence presented, taken in the light most favorable to Debra, demonstrates that she was in fact aware during the course of William’s alleged abuse that his acts were wrongful. She spoke to her mother about what William had done after the first incident. She has stated that she “was always fearful in my own home” until moving out in 1978. Howard Affidavit at 3. In considering a summary judgment motion, the court is of course required to draw all reasonable inferences from the materials presented on behalf of the moving party. No reasonable interpretation of the affidavits in this case would enable this court to conclude that Debra was unaware she was being harmed by her stepfather’s abuse, in the sense that she knew the touching was wrongful and caused her distress. That is the first prong of the test outlined in Riley v. Presnell, 409 Mass. at 244, and applied again in Phinney, 39 Mass.App.Ct. at 206. Moreover, counsel for Debra conceded at oral argument on this motion that knowledge of the wrongful act was not an issue in the case.
The thrust of Debra’s argument is that “]t]his action ... is timely because Ms. Howard did not make the connection between the incidents of abuse, and the resulting harm which she suffered, until sometime after the birth of her niece in January 1993.” Plaintiffs Opposition to Defendants’ Motion to Dismiss or, in the Alternative, for Summary Judgment at 1 (emphasis added). This fact, however, assuming its truth, is not relevant to the applicable legal test for determining the accrual of a cause of action for sexual abuse. That test asks only (1) when the victim knew he or she had been harmed; and (2) when the victim knew the harm resulted from the defendant’s actions. The cause of action may accrue long before the plaintiff realizes the extent or the full nature of the harm caused by the defendant’s acts. As the Supreme Judicial Court stated in Olsen v. Bell Telephone Laboratories, Inc., 388 Mass. 171, 175 (1983): “(i]f knowledge of the extent of injury were to control the accrual of a cause of action, the fixed time period of statutes of limitations effectively would be destroyed.” In the instant case, the point at which Debra realized that William’s alleged abuse had caused her subsequent personal and marital problems is not relevant to the accrual of her claims. Her claims accrued when she realized that she had suffered any harm caused by her stepfather’s abuse. As an adolescent, Debra knew that she was suffering an emotional reaction to her stepfather’s wrongful touchings and her mother’s unresponsive attitude, i.e., she felt fear at home and believed she “had no one to turn to.” Thus Debra knew of some harm caused by the touchings by at least the date on which she moved away from home in 1978. Her claims therefore accrued on the date she reached her majority, in May 1979, and the limitations period ran in 1982.
A comparison to other similar cases may help in illustrating the legal issue. For instance, in June of this year, Judge Margaret R. Hinkle of the Superior Court denied summary judgment in a case raising many similar issues. Nault v. The New England Annual Conference of the United Methodist Church, Civil No. 95-03457, 5 Mass. L. Rptr. 498 (Suffolk Super. Ct. June 14, 1996). In Nault, Judge Hinkle found that a jury issue existed as to when the plaintiffs cause of action against a sexually abusive minister accrued. Judge Hinkle applied the same test as that employed in this case: inquiring when the plaintiff “had (1) knowledge or sufficient notice that she was harmed by the defendants and (2) knowledge or sufficient notice of what caused that harm." Nault at 7. In Nault, however, there was a genuine issue of material fact as to when the plaintiff knew that she had been harmed. She claimed that she had considered her relationship with her family’s church minister, which took place when she was aged 12 to 14, as that of a boyfriend and girlfriend until she was in therapy more than a decade later. She also ”allege[d] that she was unable to comprehend the wrongfulness of the abuse.” Id. at 7. This is different from the instant case, in which the evidence presented indicates Debra Howard was aware of the wrongfulness of the alleged abuse she endured.
Similarly, Riley v. Presnell, 409 Mass. 239 (1991), also involves a plaintiff who did not contemporaneously understand that he had suffered harm. In Riley, the plaintiff was a patient of the defendant psychotherapist. The defendant’s “treatment” of the plaintiff included engaging in various sexual acts with him and giving him alcohol and marijuana. The plaintiff was confused by these incidents, but the nature of the therapist-patient relationship was such that he still opined the defendant “might be ‘God.’ ” 409 Mass. at 241. The plaintiff alleged that it was not until he had gone into therapy with another doctor and then spoke with another former patient of the defendant who had *565 been similarly abused that he realized he had been harmed and the defendant had caused his harm. Id. at 241-42. The Supreme Judicial Court therefore ruled that a jury issue existed as to when the plaintiffs cause of action had accrued. Id. at 251.
In the instant case, unlike in RUey and Nault, the evidence presented indicates that Debra was unaware of the fact that she was harmed at the time that she suffered the abuse. In Nault and Riley, the plaintiffs claimed to have believed that perhaps the abuse they had undergone was acceptable behavior; Nault thought that she had been in a girlfriend-boyfriend relationship, and Riley believed that the therapist who had abused him was “God.” In the present case, there is no such allegation. Debra’s own evidence indicates that she knew she was being harmed at the time of the abuse, and that she knew her stepfather was the cause of the harm. Nor is there any allegation of repressed memory in this case. Debra acknowledges that she has remembered William’s alleged abuse from the time it occurred.
This case is analogous factually to Phinney v. Morgan, 39 Mass.App.Ct. 202 (1995), in which the Appeals Court ruled that “the plaintiffs . . . failed as a matter of law to sustain their burden that their action was timely.” 39 Mass.App.Ct. at 209. In Phinney, the plaintiffs, two sisters, alleged various acts of sexual abuse by their father during their minority, from which they claimed that their mother failed to protect them. The plaintiffs admitted complaining to their mother about their father’s abuse at the time, that their mother gave them little support in response, and that they feared being alone with their father. Id. at 207. Other evidence of their awareness of the harm during their minority existed, including admissions by one of the plaintiffs that she suffered emotional distress from the abuse at the time it occurred, that she ran away from home because of it, and that she told a probation officer that she did so because of her father’s abuse. Id. The analogy between the two cases is clear. Debra Howard’s own statements that she told her mother about her stepfather’s abuse, that she feared being home alone with him, and that she never repressed the memory of what had happened “are sufficient to establish that [she] or a reasonable person in [her] position would have possessed knowledge or sufficient notice that [she was] harmed and what the cause of the harm was” more than three years before filing the lawsuit. 39 Mass.App.Ct. at 208.
Debra’s complaint contains several counts alleging violation of the Massachusetts civil rights statutes, G.L.c. 12, §§11H & 111. The statute of limitations for these counts is three years. G.L.c. 260, §5B; Pagliuca v. City of Boston, 35 Mass.App.Ct. 820, 822 (1994). These counts are therefore also time-barred.
ORDER
The Defendants’ Motion to Dismiss or, in the Alternative, for Summary Judgment, treated here as a motion for summary judgment pursuant to Mass.R.Civ.P. 12(b), is hereby ALLOWED.