Toomey, J.
Plaintiff, Gina Eilert (“Eilert”), brought this tort action to recover damages for psychological and emotional injuries sustained by her as a result of sexual abuse by defendant, Grant Carey (“Carey”). Eilert claims that Carey is liable for sexual assault (Count I) and intentional infliction of emotional distress (Count II). Carey now moves for summary judgment on the ground that Eilert’s claims are barred by the statute of limitations because her action was filed more than three years after the alleged abuse by Carey and more than three years after Eilert reached majority. Eilert responds that, because she did not know and could not have reasonably discovered that she had been harmed by defendant until 1992 when she enrolled her daughter in kindergarten and then suffered anxiety and distress, the statute of limitations was tolled until that time and her complaint, filed in 1995, is not, therefore, time-barred. For the reasons set forth below, this Court concludes that Eilert has the better of the argument on this record and Carey’s motion is denied.
BACKGROUND
The following facts are undisputed. Eilert was bom on December 12, 1965 and began attending Doherty Memorial High School in September, 1980. Eilert alleges that she had a sexual relationship with Carey, her English teacher, beginning in September 1981, at which time she was fifteen years old and Carey was thirty-seven years old. In 1982, Eilert underwent her first psychiatric hospitalization and continued psychiatric treatment, both in-patient and out-patient, through 1985. She was diagnosed as depressive, and the doctors attributed that ailment to her diabetic condition and her relationship with Carey.
In 1983, Eilert’s parents complained to the school administration about Carey’s conduct with their daughter, and, subsequently, Carey was placed on leave of absence for one year. His return was conditioned on his seeking psychological treatment in the interim and his therapist’s acknowledgment of his ability to return to his teaching position. Eilert, allegedly at Carey’s insistence, had tried unsuccessfully to convince her parents not to complain about Carey to the school authorities.
In 1992, Eilert, upon enrolling her daughter in kindergarten, experienced emotional and psychological distress and resumed psychological treatment. Eilert contends that it was during that treatment that she began to realize for the first time that there was a causal link between Carey’s acts and her psychological injuries.
Eilert filed suit against Carey on June 7, 1995.
DISCUSSION
Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). With respect to any claim on which the moving party does not have the burden of proof at trial, the movant may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion . . .” Pederson, 404 Mass. at 17.
In the instant case, Carey’s motion for summary judgment rests on his view that Eilert’s complaint was filed tardily and in violation of the statute of limitations. He suggests that the statute began running sometime prior to June 7, 1992 and that, therefore, Eilert’s complaint was lodged (on June 7, 1995) subsequent to the three year window available to her. The *492 critical task in this case, then, is to determine the commencement date of the statutory period, that is, when was the window opened?
Massachusetts law allows for the application of a “discovery rule” in certain kinds of cases to determine when the statute of limitations begins to run. Under the discovery rule, a cause of action, in cases involving latent or inherently undiscoverable injuries, does not accrue until the plaintiff learns or reasonably should have learned that she has been harmed by the defendant’s conduct. Franklin v. Albert, 381 Mass. 611, 617 (1980) (extending discovery rule to medical malpractice). See Riley v. Presnell, 409 Mass. 239, 243 (1991) (extending discovery rule to psychotherapeutic malpractice). That discovery rule applies to cases of sexual abuse such as the instant case. G.L.c. 260, §4C.[1]
G.L.c. 260, §4C automatically tolls the limitations period until the victim reaches the age of eighteen years. Thus, at bar, the statute could not commence running until December 12, 1983. The issue then becomes when, after December 12, 1983, the window for suit was opened. The plain meaning of the statute indicates that it is the knowledge that the defendant’s abuse, to wit, his wrongful sexual conduct, caused emotional or psychological harm that triggers the running of the statute of limitations. Nault v. New England Annual Conf. of the United Methodist Church, Civil No. 95-03457, 5 Mass. L. Rptr. No. 22, 498 (Suffolk Super. Ct. June 14, 1996) (plaintiff unaware of wrongfulness of sexual contact with her minister). Compare Phinney v. Morgan, 39 Mass.App.Ct. 202 (1995), rev. den. 421 Mass. 1104 (plaintiff aware of wrongfulness of abuse by father and mother’s failure to protect against such abuse).
There is no dispute that Eilert was aware of her sexual relationship with Carey as far back as 1981. Eilert does not claim a “repressed memory” that was actuated during the limitations period. There is also no dispute that Eilert suffered emotional harm from what she considered a boyfriend-girlfriend relationship, as indicated by Eilert’s deposition testimony and psychiatric records. However, a genuine issue of material fact does exist as to when Eilert knew or should have known that her injuries were caused by Carey’s abuse. Stated another way, the record reveals a question of fact as to when Eilert was aware or should have been aware that Carey’s conduct was wrongful and that it was his wrongful conduct that caused her injuries. Nault, 5 Mass. L. Rptr. No. 22 at 499-00 (material fact as to when plaintiff knew or should have known she was harmed by defendant’s abuse, where trier of fact might find that, at the time of the sexual abuse, she was unaware of the wrongfulness of the sexual contact and considered it a boyfriend-girlfriend relationship). A fact finder reasonably could find that Eilert did not and could not make the causal connection between Carey’s abuse and her injuries because she did not realize his conduct was abusive. Id. Contrast Flanagan v. Grant, 79 F.3d 1 (1st Cir. 1996) (plaintiff aware of wrongfulness of sexual contact with defendant); Phinney, 39 Mass.App.Ct. 202 (same).
In the case at bar, the record reveals that Eilert considered her relationship with Carey to be a boyfriend-girlfriend relationship and confided to her therapists that she was upset because Carey ended the relationship. The record is completely devoid of any evidence that Eilert appreciated, prior to June 7, 1992, that Carey was sexually abusing her or committing statutory rape. Eilert’s naiveté may stretch the bounds of credulity, but it may also be bona fide. The evidence is thus sufficient to establish a question of fact as to when Eilert knew or should have known she was being harmed by Carey’s abuse, that is to say, that the touching was wrongful. Contrast Howard v. Colety, Civil No. 95-2910B, 5 Mass. L. Rptr. No. 25, 562, 564 (Essex Super. Ct. August 1996) (plaintiff knew she was being harmed by defendant’s abuse, in the sense that she knew the touching was wrongful and causing her distress). Even the isolated statements in her deposition and psychiatric records — to the effect that she knew her parents intended to complain to the school and that she would be willing to testify against Carey— fail to show, as a matter of law, that she knew that Carey’s conduct was wrongful and, thus, harmful. Her statements at best comprise equivocal evidence and suggest a material factual conflict. Palermo v. Brennan, 41 Mass.App.Ct. 503, 508 (1996), rev. den. 424 Mass. 1103. Contrast Flanagan v. Grant, 79 F.3d 1 (record revealed plaintiff aware of wrongfulness of her father’s incest because plaintiff tried to escape the abuse and went to police to press charges; furthermore, plaintiffs therapist testified plaintiff could intellectually understand, although not emotionally associate, the relationship between her father’s incest and her feelings). If Eilert did not consider her relationship with Carey as abusive or wrongful, as required by G.L.c. 260, §4C, she would not have had the requisite knowledge that the relationship was abusive and caused her emotional injuries. Contrast Howard, 5 Mass. L. Rptr. No. 25 at 564 (where the facts, taken in a light most favorable to the plaintiff, demonstrates she was aware that defendant’s alleged abuse was wrongful). A trial will be required to determine the factual question of Eilert’s knowledge.
Accordingly, the Court concludes that Eilert has presented sufficient evidence to raise a genuine issue of fact as to when she knew or reasonably should have known that Carey’s conduct was wrongful and caused her injuries. Such an issue is material to the defense of statute of limitations and is fatal to Carey’s summary judgment motion.
Additionally, Carey contends that, with respect to Eilert’s claim for intentional infliction of emotional distress, the wrongfulness of his alleged conduct is not relevant because, for statute of limitations purposes, *493 G.L.c. 260, §2A,[2] rather than G.L.c. 260, §4C, is controlling. Carey asserts, therefore, that Eilert may not rely upon the discoveiy rule to enlarge the limitations period applicable to her claim for intentional infliction of emotional distress. That assertion is without merit, however, because the discovery rule extends to all of Eilert’s causes of action which are not otherwise limited by statute. Riley v. Presnell, 409 Mass. 239, 243 (1991) (in the absence of a statutory definition as to when a cause of action accrues, the determination is “the product of judicial interpretation in this Commonwealth”). This Court sees no reason not to apply the §4C discovery rule to the intentional infliction count especially where, as here, that count emanates from the alleged sexual abuse. Eilert’s awareness, actual or constructive, that she had been harmed by Carey’s conduct is, therefore, the sine qua non for the commencement of the running of the statute of limitations as to the intentional infliction count also. For the same reasons that this Court concluded, supra, that genuine issues of material fact existed with respect to Eilert’s scienter in connection with the assault count, the Court concludes that such issues also exist in connection with the intentional infliction count, and Carey’s summary judgment effort must likewise fail.
ORDER
It is hereby ORDERED that Carey’s Motion for Summary Judgment is DENIED.

 G.L.c. 260, §4C provides, in relevant part:
Actions for assault and battery alleging the defendant sexually abused a minor shall be commenced within three years of the acts alleged to have caused an injury or condition or within three years of the time the victim discovered or reasonably should have discovered that an emotional or psychological injury or condition was caused by said act. . . provided, however, that the time limit for commencement of an action under this section is tolled for a child until the child reaches eighteen years of age.

 G.L.c. 260, §2A provides, in relevant part:
[AJctions of tort ... to recover for personal injuries . . . shall be commenced only within three years next after the cause of action accrues.