[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 99-1860

JOHN CONNELL and EILEEN CONNELL,

Plaintiffs, Appellants,

v.

THE BOARD OF SELECTMEN OF THE TOWN OF HARWICH, in their official capacity as members of the Town of Harwich Board of Selectmen, WAYNE MELVILLE, Town of Harwich Town Administrator, in his individual capacity and in his official capacity as the Town of Harwich Town Administrator, PAULA J. CHAMPAGNE, Health Director for the Town of Harwich Board of Health, in her individual capacity and in her official capacity as Health Director, GEORGE ARSENAULT, former Building Commissioner/Building Inspector, in his individual capacity and in his official capacity as the former Building Commissioner/Building Inspector of the Town of Harwich, and ROBIN WILCOX,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
[Hon. Morris E. Lasker,* U.S. District Judge]

Before
Selya, Circuit Judge,
Bownes, Senior Circuit Judge,
and Boudin, Circuit Judge.

Anthony R. Bott for plaintiffs-appellants.
Michael F. Stone for defendant-appellee Wilcox.
Michael J. Sheehan, with whom Joyce Frank and Kopelman and Paige, P.C., were on brief, for defendants-appellees Harwich Board of Selectmen, Wayne Melville, Paula J. Champagne, and

_____

*Of the Southern District of New York, sitting by designation.

George Arsenault.

_____

JUNE 2, 2000

**BOWNES,** <u>Senior Circuit Judge</u>.    The plaintiff-appellants, John and Eileen Connell, filed a fourteen-count amended complaint alleging violations of 42 U.S.C. § 1983 (1994 & Supp. II 1996), the Massachusetts Civil Rights Act, Mass. Gen. Laws ch. 12 §§ 11H and 11I (1998), and claims for negligent infliction of emotional distress.  They named as defendants: the Board of Selectmen of the Town of Harwich, in their official capacities; Wayne Melville, Town of Harwich Town Administrator, in his individual and official capacities; Paula J. Champagne, both individually and in her official capacity as Health Director for the Town of Harwich Board of Health; and George Arsenault, former Building Commissioner/Building Inspector, in his individual and official capacities (collectively "Town Defendants").    The plaintiffs also alleged that the Town Defendants conspired with Defendant-Appellee Robin Wilcox to deprive the plaintiffs of their rights.

All defendants moved to dismiss the action as time-barred.  The district court (Lasker, J.) granted the motions, and this appeal followed.  For the reasons set forth below, we affirm.

-2-

## I.

We recount the facts as ably recited by the district court, noting that for purposes of these motions to dismiss, the facts alleged in the amended complaint are deemed to be true. The Connells are the owners and operators of "The Cape Cod Claddagh Inn" in Harwich, Massachusetts. In July 1993, the Connells began receiving billing statements from Stanley R. Sweetster, Inc. ("Sweetster") for surveying and engineering work allegedly done on their property. The Connells, however, never contracted for the work and immediately contacted Sweetster and informed it of that fact. Sweetster acknowledged that no work had been contracted for or performed, and that the bills should be ignored. Nevertheless, Sweetster continued to send bills to the plaintiffs.

In November 1993, defendant Wilcox telephoned the Connells, claiming that the Sweetster bill was genuine and that he was owed for the purported work. The Connells repeatedly informed Wilcox that they never hired him and owed him nothing. In late November or early December 1993, Wilcox presented himself at the Connell home seeking payment for the work billed by Sweetster. Wilcox also presented the Connells with a proposal for a septic system for their property. The Connells again informed Wilcox that they had never hired him or

-3-

Sweetster, that they had no contract with either party, and that consequently they owed nothing to him or Sweetster. Wilcox became enraged and stated: "I will make things very difficult for you in the Town of Harwich through my very good friend, Paula Champagne, the Town of Harwich Health Officer."

The Connells allege that the defendants thereafter engaged in a series of wrongful acts, in an effort to disrupt and damage the Connells' business, including denying them licenses and permits which were necessary for them to operate their lodging house and restaurant. The plaintiffs allege that these acts occurred between April 1, 1994 and June 19, 1995. On July 12, 1995, the plaintiffs filed suit in Barnstable County Superior Court seeking an order that the Town of Harwich Board of Health issue a food service permit which would enable them to operate their business until they installed the new septic system required by the Board of Health. At the hearing on July 14, 1995, the court denied the Connells' application for injunctive relief. The plaintiffs contend that "[w]hether malevolently or not, the records produced on behalf of the Town of Harwich and its Health Department . . . were in plain error and misrepresented the truth" and that the court relied on that information to deny injunctive relief.

Three years later, on July 14, 1998, the plaintiffs filed the present action in the United States District Court for the District of Massachusetts. The defendants moved to dismiss the action as time-barred. The district court granted the motions, holding that the plaintiffs' action was not filed within the applicable three-year statute of limitations and that "they may not reach back to the pre-limitations period[.]" This appeal followed.

## II.

The plaintiffs argue on appeal that the district court "plainly erred" in dismissing their amended complaint. Specifically, the plaintiffs argue that the alleged actions of the defendants constituted a "systemic" continuing violation that was not realized until July 14, 1995 and that a further act of conspiracy occurred on that date. They contend that they filed their complaint within the three-year statute of limitations by filing on July 14, 1998. We disagree.

When reviewing a district court's allowance of a motion to dismiss, we apply de novo review. See New England Cleaning Servs. v. American Arbitration Ass'n, 199 F.3d 542, 544 (1st Cir. 1999). For actions brought under 42 U.S.C. § 1983, the statute of limitations is derived from the forum state's law. See Owens v. Okure, 488 U.S. 235, 249-50 (1989). The

-5-

appropriate referent here is the general statute of limitations for personal injury claims. See id. In Massachusetts, that period is three years. See Mass. Gen. Laws ch. 260 § 2A (1998). The same statute of limitations applies to claims of civil conspiracy. See id.

A cause of action under 42 U.S.C. § 1983 accrues when a plaintiff knew, or should have known, of the wrongful act or acts alleged in the complaint. See Morris v. Government Dev. Bank of Puerto Rico, 27 F.3d 746, 748-49 (1st Cir. 1994); Shahzade v. Gregory, 930 F. Supp. 673 (D. Mass. 1996). The limitation period may be extended, however, if a plaintiff can demonstrate a "continuing violation." Provencher v. CVS Pharmacy, Div. of Melville, Corp., 145 F.3d 5, 14 (1st Cir. 1998). As we have stated: "The continuing violation doctrine creates an equitable exception to the [limitations period] when the unlawful behavior is deemed ongoing." Id. There are two types of continuing violations: systemic and serial. See Id.

The district court held that "the Connells have not alleged, nor is there any evidence of, a systemic violation" and focused its analysis on the serial violation. The plaintiffs now argue that the defendants' alleged scheme against them "was not actualized until July 14, 1995 and can be deemed a 'systemic' violation." A systemic violation "refers to general

-6-

practices and policies" and "has its roots in a discriminatory policy or practice; so long as the policy or practice itself continues into the limitations period, a challenger may be deemed to have filed a timely complaint." Provencher, 145 F.3d at 14 (internal quotation marks omitted); Sabree v. United Bhd. of Carpenters and Joiners Local No. 33, 921 F.2d 396 400-402 & n.7 (1st Cir. 1990). We agree with the district court that there is no sufficient allegation of a systemic violation in the plaintiffs' complaint. At best, the plaintiffs allege that they were personally discriminated against by the defendants between April 1, 1994 and June 19, 1995. They fail, however, to link any such alleged discrimination to a policy and practice attributable to the defendants.

The plaintiffs also contend that the defendants' actions constitute a "serial violation." "A serial violation occurs where a chain of similar discriminatory acts emanating from the same discriminatory animus exists and where there has been some violation within the statute of limitations period that anchors the earlier claims." Provencher, 145 F.3d at 14. "The series must contain a specific beachhead violation occurring within the limitations period." Pilgrim v. Trustees of Tufts College, 118 F.3d 864, 869 (1st Cir. 1997).

The plaintiffs claim that the July 14, 1995 decision of the Barnstable Superior Court was the final overt act triggering the statute of limitations. They claim that representations made, "whether malevolently or otherwise," by two persons who are not named as defendants here, former Town Counsel, James Falla, and Bruce Campbell of the Harwich Board of Health, "impelled the Barnstable County Court to rule against the Plaintiffs, the Connells, further adversely affecting their business and livelihood by delaying the proper continuation/growth of the same by means of a tortious, negligent and unjustified course of conduct which shocks the conscience." They then cite Hoffman v. C.H. Halden, 268 F.2d 280 (9th Cir. 1959), overruled on other grounds Cohen v. Norris, 300 F.2d 24, 29-30 (9th Cir. 1962), as support for the proposition that this July 14, 1995 hearing was an overt act of the defendants. Hoffman is readily distinguishable on the facts revealed by the plaintiffs' complaint. We hold that the July 14, 1995 hearing was not an overt act of the defendants and cannot be used as an "anchor" to bind the earlier claims. As we have stated previously, "residual effects of past discriminatory conduct . . . are not themselves acts of discrimination and therefore will not satisfy the anchor violation requirement." Provencher, 145 F.3d at 14; see also Pilgrim, 118 F.3d at 869

-8-

("Mere subsequent effects of earlier discriminatory action will not extend the limitations period."). The plaintiffs' contention that they suffered from a continuing serial violation by the defendants lacks merit.

In all events, a continuing violation -- whether systemic or serial -- will fail "[e]ven where a plaintiff alleges a violation within the appropriate statute of limitations period, . . . if the plaintiff was or should have been aware that he was being unlawfully discriminated against while the earlier acts, now untimely, were taking place." Provencher, 145 F.3d at 14; Sabree, 921 F.2d at 402. In Sabree, we rejected the plaintiff's continuing violation claim because the plaintiff "admitted that he believed, at every turn, that he was being discriminated against." Sabree, 921 F.2d at 402.

It is clear from our review of the amended complaint that the plaintiffs knew of the alleged unlawful discriminatory acts of the defendants while they were taking place. As the district court noted, the amended complaint makes manifest that the plaintiffs believed all along that Wilcox's actions and statements constituted extortion. The plaintiffs not only reported those actions to the state police and the Massachusetts Attorney General's Office, but also expressly stated that in April 1995, "they were quite certain that much of what had

occurred to them by and through various town departments, agencies, decisions, etc. was motivated to a large degree by nothing other than malice." Amended Complaint at ¶ 62. Indeed, the very fact that the plaintiffs filed their suit in Barnstable Superior Court on July 12, 1995 seeking injunctive relief proves that they knew of the alleged wrongful acts of the defendants prior to the running of the statute of limitations.

As the district court correctly held: "The plaintiffs were on notice of the unlawful nature of the defendants' alleged conduct before July 14, 1995 and failed to file this action within the applicable three-year statute of limitations. [Accordingly,] they may not reach back to the pre-limitations period . . . ." **Affirmed. Costs to appellees.**